UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY CRAWFORD, in his capacity as Receiver for TMTE, Inc., et al., | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. 3:21-cv-02181-E |
| v. | § § | |
| DAVID BLEEDEN, et al., | § § | |
| *Defendants.* | § § | |

**MOTION TO DISMISS RECEIVER'S ORIGINAL COMPLAINT OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT
AND BRIEF IN SUPPORT OF DEFENDANTS WALTER VERA,
VERASTAN GROUP, LLC, AND MIDWOOD CAPITAL**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS ................................................................................................... 2

THE SPECIFIC DEFECTIVE PARAGRAPHS IN THE COMPLAINT ....................................... 5

ARGUMENT ..................................................................................................................... 6

    I.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................................ 6

        A.   Plaintiff's Claim Alleging Actual Fraudulent Transfer (Count I) Fails to Satisfy Rule 9(b) ................................................................................. 8

        B.   The Complaint Fails to State a Claim for Constructive Fraudulent Transfer............ 11

        C.   The Complaint Fails to State a Claim for Unjust Enrichment and Money Had and Received. ................................................................................ 12

        D.   The Motion for a More Definite Statement. ............................................................ 14

## TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................ 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)) .................................................................................. 6, 12

*Campbell v. Texas Tea Reclamation, LLC,*
  2021 WL 2211690 (S.D. Tex. 2021) ......................................................... 11, 12

*Carlton v. Cannon,*
  184 F. Supp. 3d 428 (S.D. Tex. 2016) .......................................................... 7

*Dorsey v. Portfolio Equities, Inc.,*
  540 F.3d 333 (5th Cir. 2008) ..................................................................... 7, 10

*F.T.C. v. Lights of America, Inc.,*
  760 F. Supp. 2d 848 (C.D. Cal. 2010) ........................................................ 7

*Gage v. Davis S.R. Aviation, LLC,*
  623 Fed. Appx. 622 (5th Cir. 2015) ............................................................ 11

*GE Capital Commercial, Inc. v. Wright & Wright, Inc.,*
  2009 WL 5173954 (N.D. Tex. 2009) ........................................................... 9

*Gines v. D.R. Horton, Inc.,*
  699 F.3d 812 (5th Cir. 2012) ..................................................................... 6

*Ingalls v. Edgewater Private Equity Fund III, L.P.,*
  2005 WL 2647962 (S.D. Tex. 2005) ............................................................ 7

*Janvey v. Suarez,*
  978 F. Supp. 2d 685 (N.D. Tex. 2013) ..................................................... 9, 13

*Matter of Life Partners Holdings, Inc.,*
  926 F.3d 103 (5th Cir. 2019)) ..................................................................... 11

*Mitchell v. E-Z Way Towers, Inc.,*
  269 F.2d 126 (5th Cir. 1959) ..................................................................... 14

*Redwood Resort Props., LLC v. Holmes Co.,*
  2006 WL 3531422 (N.D. Tex. 2006) ............................................................ 13

*Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.,*
  365 F.3d 353 (5th Cir. 2004) ..................................................................... 7

*Swartz v. KPMG, LLP,*
  476 F.3d 756 (9th Cir. 2007) ..................................................................... 7

*Taylor v. Trevino,*
  2021 WL 347566 (N.D. Tex. 2021) ........................................................... 7, 13

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,*
   125 F.3d 899 (5th Cir. 1997) ........................................................................ 7

*VeroBlue Farms USA, Inc. v. Wulf,*
   465 F. Supp. 3d 633 (N.D. Tex. 2020) .................................... 8, 11, 13

STATUTES

Cal. Civ. Code § 3439 et seq. ...................................................................... 1

Cal. Civ. Code § 3439.04 ............................................................................ 8

CUFTA § 3439.04 ...................................................................................... 8

RULES

Fed. R. Civ. P. 12(b)(6) .............................................................................. 6

Fed. R. Civ. P. 9(b) ................................................................................ 2, 7

Pursuant to Rules 12(b)(2), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendants Walter Vera, Verastan Group, LLC, and Midwood Capital (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Honorable Court to dismiss Receiver's Original Complaint filed by the Plaintiff Kelly Crawford, in his capacity as Receiver (the "Receiver") and state as follows:

<u>INTRODUCTION</u>

1.      Plaintiff, as the Court-Appointed Receiver of TMTE, Inc. and all other "Receivership Entities,"[1] has brought the instant action against Defendants (and others), in an attempt to recover monies (in the form of certain compensation payments and distributions) he alleges the Receivership Entities fraudulently transferred to Defendants. Plaintiff alleges claims for actual and constructive fraudulent transfer,[2] as well as claims for unjust enrichment and "money had and received," seeking disgorgement and attorney's fees. These claims should be dismissed for several reasons.

2.      Plaintiff's claims for fraudulent transfer (actual and constructive) should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's claim alleging actual fraudulent transfer is fatally deficient and justifies

---

[1] This case follows the enforcement action brought by the Commodities Futures Trading Commission (CFTC) – *CFTC, et al. v. TMTE, Inc. a/k/a Metals.Com, et al.*, Civil Action No. 3:20- CV-2910-L ("CFTC Proceeding" and/or "Underlying Proceeding"). "Receivership Entities" means TMTE, Inc. (a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC), Barrick Capital, Inc., Administrative Account Services, LLC, Amerivise, LLC, Best New, Inc., Delaware Wholesale, Inc., Revo, LLC, Merrill Gold, LLC, Newmont Admin., Inc., Regan Financial Services, Inc., Resource Financial Services, Inc., First American Estate & Trust, First American Savings, Inc., Retirement Insider, LLC, USA Accounts, Inc., USA Marketing, Inc., TX Admin., Inc., and Tower Equity, LLC. See ECF No. 1, Receiver's Original Complaint, p. 2 (fn. 1).

[2] Notably, despite filing the present matter in the Northern District of Texas, Plaintiff's alleged fraudulent transfer claims are predicated on California's adoption of the Uniform Fraudulent Transfer Act (UFTA) (as set forth in Cal. Civ. Code § 3439 et seq.) (referred to herein as "CUFTA"), as well as "any other applicable State's adoption of the [UFTA]." *See* ECF No. 1, Receiver's Original Complaint, ¶ 111.

dismissal under Fed. R. Civ. P. 9(b) for failure to plead, with the requisite particularity, the circumstances underlying the alleged fraudulent conduct as it pertains to each of the Defendants. Meanwhile, Plaintiff's claim for constructive fraudulent transfer fails to comply with Rule 8(a).

3.      Plaintiff's claims for unjust enrichment and money had and received should also be dismissed as the underlying allegations are grounded in fraud but fail to state with particularity the circumstances constituting the fraud as mandated by Rule 9(b).

4.      In the alternative, the Plaintiff should be required to file an amended complaint before the Movants herein are required to file a responsive pleading because the Complaint is so vague, ambiguous, and lacking in specificity that the Movants cannot reasonably be required to frame a responsive pleading to it [Federal Rule of Civil Procedure 12(e)].

## STATEMENT OF FACTS

5.      Plaintiff, Receiver for the Receivership Entities, was appointed as such by this Court has a result of the Underlying Proceeding brought by the CFTC (*CFTC, et al. v. TMTE, Inc. a/k/a Metals.Com, et al.*, Civil Action No. 3:20-CV-2910-L).

6.      The September 22, 2020 Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief filed by the CFTC in the Underlying Proceeding alleged, inter alia, that from at least September 1, 2017 through the present, Defendants TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., (collectively "Metals"), Barrick Capital, Inc. ("Barrick") and their principals, Lucas Asher a/k/a Lucas Thomas Erb a/k/a Luke Asher ("Asher") and Simon Batashvili ("Batashvili") "have engaged and continue to engage in a fraudulent scheme to defraud at least 1,600 persons throughout the United States into purchasing gold and silver bullion."[3]

---

[3] *See* ECF No. 1, Receiver's Original Complaint, Ex. B.

7.     On that same date (September 22, 2020), the Court entered an Order in the Underlying Proceeding granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of a Receiver, and Other Equitable Relief.[4] The Order includes a preliminary finding that "[t]he CFTC and the States have made a proper prima facie showing" that from at least September 1, 2017 through the present, Defendants TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., Barrick and their principals, Asher and Batashvili "have engaged and continue to engage in a fraudulent scheme to defraud at least 1,600 persons throughout the United States into purchasing gold and silver bullion."[5]

8.     As a result of this Court's September 22, 2020 Order (and other orders issued in the CFTC Proceeding), on or about September 13, 2021, Plaintiff (as Receiver of the Receivership Entities) filed Receiver's Original Complaint in the present matter seeking to recover funds and payments that were allegedly "fraudulently transferred" to approximately forty-two (42) individuals and entities - collectively referred to by Plaintiff as the "Broker Defendants."[6] Specifically, Plaintiff alleges that "the Broker Defendants received more than $12 million in commissions, unearned compensation, and sales prizes, transferred to them by the Receivership Entities" and that "[t]he Broker Defendants received these assets in exchange for their sale of precious metals and coins sold at grossly inflated prices based on false and misleading representations, to unsuspecting elderly investors."[7]

---

[4] *Id.* at Ex. A.

[5] *Id.* at ¶ 6, Ex. A.

[6] *Id.* at p. 2, fn. 1.

[7] *Id.* at p. 2 (¶1).

9.     The Complaint further alleges that "the Broker Defendants participated in this scheme by locating and contacting Investors using fraudulent statements and omissions … to lure investors into buying bullion and coins at grossly inflated prices."[8]

10.    Defendant Walter Vera, a former employee of TMTE, Inc. and one of the 42 named "Broker Defendants" is a resident of Encino, California.

11.    Defendant Verastan Group, LLC is a limited liability company organized under the laws of California and domiciled in Los Angeles, County, California.  It is one of the 42 named "Broker Defendants."

12.    Defendant Midwood Capital is a company organized under the laws of California with its principal office located in Los Angeles, California.  It is one of the 42 named "Broker Defendants."

13.    On or about February 10, 2022, the matter was dismissed without prejudice for lack of subject matter jurisdiction.[9]

14.    On or about May 12, 2022, the Court vacated its February 10, 2022 Memorandum Opinion and Order[10] *sua sponte* dismissing this action for lack of subject matter jurisdiction and directed the Clerk of Court to reinstate the action stating: "After further review and study, and as a result of the court's increased familiarity with the Underlying Action [CFTC Proceeding] and the scope of the Receiver's duties under the SRO (Doc. 16) and the Consent Orders of Preliminary

---

[8] *Id.* at p. 4 (¶5).
[9] ECF No. 15, Memorandum Opinion and Order.
[10] ECF No. 15.

4

Injunction (Docs. 164 and 165), the court concludes it is appropriate to exercise ancillary subject matter jurisdiction over this action."[11]

15.     On or about May 18, 2022, the Court granted Plaintiff's Second Motion for Extension of Time to Serve all Defendants,[12] indicating the deadline for Receiver to effect service on all Defendants is July 18, 2022.

## THE SPECIFIC DEFECTIVE PARAGRAPHS IN THE COMPLAINT

16.     The following paragraphs must be amended to include the requisite specificity required by FRCP 8 and/or FRCP 9(b): 1, 5, 56, 59-67, 69, 70, 72-74, 77-79, 84-85, 88, 90-93, 95-106, 108, 109, 111, 112, 115, 116, 118, 120-122, and 124-126, all of which contain bare allegations and/or legal conclusions against unspecified Broker Defendants without any supporting facts.

17.     To the extent that the Broker Defendants are alleged to have been complicit in the fraud, the Complaint must be amended to state, with particularity, the "who, what, where, when and how" details of each allegation as it pertains specifically to Vera, Midwood Capital, and/or Verastan Group, LLC.  Furthermore, each of those allegations must be specific to each Vera Defendant.

18.     To the extent that the Broker Defendants are not alleged to have been complicit in fraudulent conduct by the Receiver, the allegations must specify which of the Vera Defendants were involved and the facts surrounding the involvement of each Vera Defendant.

---

[11] ECF No. 23, Memorandum Opinion and Order, at p. 5.
[12] ECF No. 28.

## ARGUMENT

I.     THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### Rule 12(b)(6) Standard:

19.     A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[13]  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim that is plausible on its face."[14]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[15]  "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16]  A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17]

### Rule 9(b) Standard:

20.     In addition to meeting the plausibility standard, when a claim "sounds in fraud," – as in this case – the complaint must satisfy the requirements of Rule 9(b) of the Federal Rules of

---

[13] *See* Fed. R. Civ. P. 12(b)(6).

[14] *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *See Twombly*, 550 U.S. at 555.

[17] *Id.*

Civil Procedure which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[18]

21.     The Fifth Circuit strictly interprets Rule 9(b), "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[19]  Moreover, in actions where (as here) a plaintiff alleges claims against multiple defendants, the complaint must attribute acts particular to each defendant.[20]

22.     "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)."[21]

---

[18] *See* Fed. R. Civ. P. 9(b); *F.T.C. v. Lights of America, Inc.*, 760 F. Supp. 2d 848, 852 (C.D. Cal. 2010) (noting "Rule 9(b) applies when: (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct … and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'") (internal citation omitted); *Taylor v. Trevino*, 2021 WL 347566, at *2 (N.D. Tex. 2021) (noting "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud.") (internal citations omitted). The *F.T.C.* Court explained that "[a] claim 'sounds in fraud' where the plaintiff 'alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the base of the claim" and "in that event, … the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).'" *See F.T.C. v. Lights of America*, 760 F.Supp.2d at 852 (internal citation omitted).

[19] *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *Taylor*, 2021 WL 347566, at *2 (noting that Rule 9(b) requires the complaint to state the "who, what, when, where and how" of the fraudulent conduct) (internal citations omitted); *Carlton v. Cannon*, 184 F. Supp. 3d 428, 456 (S.D. Tex. 2016) (noting the Fifth Circuit applies Rule 9(b) to fraud complaints "with bite and without apology") (internal citation omitted).

[20] *See, e.g., Ingalls v. Edgewater Private Equity Fund III, L.P.*, 2005 WL 2647962, at *5 (S.D. Tex. 2005) (concluding that plaintiff's grouping all defendants together was in violation of Rule 9(b)); *Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (allegations against "defendants" not properly imputable to any particular defendant); *Swartz v. KPMG, LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (noting "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'") (internal citation omitted).

[21] *See U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

### A.   Plaintiff's Claim Alleging Actual Fraudulent Transfer (Count I) Fails to Satisfy Rule 9(b).

23.     While framed as a claim for actual fraudulent transfer under CUFTA § 3439(a)(1),[22] the allegations asserted in the Complaint in support of this claim are tantamount to pleading fraud as they are predicated exclusively on the existence of an underlying "fraudulent scheme" and Defendants alleged participation in that scheme.[23]  Whether Rule 9(b)'s heightened pleading requirements apply depends on the facts of the case and whether the claims asserted are "inextricably intertwined with fraud allegations."[24]  That is precisely the case here where, at the outset of the Complaint, Plaintiff asserts that "the Broker Defendants participated in this scheme by locating and contacting Investors using fraudulent statements and omissions … to lure investors into buying bullion and coins at grossly inflated prices."[25]  Moreover, Plaintiff's claims alleging fraudulent transfer similarly reference "… using Broker Defendants to sell bullion through false and misleading statements and practices" and "fraudulent sales solicitations made by the Broker Defendants."[26]  These are precisely the type of fraud allegations that are subject to Rule 9(b).

24.     While the threshold issue of whether Rule 9(b) applies to fraudulent transfer claims appears to be an open question in the Fifth Circuit, the Northern District of Texas has employed

---

[22] CUFTA § 3439.04 (Transfers voidable as to present and future creditors; factors to determining intent) states: "A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation" … (1) with actual intent to hinder, delay or defraud any creditor of the debtor [and] (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation …" *See* Cal. Civ. Code § 3439.04.

[23] ECF No. 1, Receiver's Original Complaint, *passim*.

[24] *See VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 653 (N.D. Tex. 2020) (noting that "what triggers specific pleading for fraud claims is not the label attached to the claims but the substance of the allegations" and that claims which "sound in fraud … must be pled with Rule 9 specificity.") (emphasis added).

[25] ECF No. 1, Receiver's Original Complaint, ¶ 5 (emphasis added).

[26] *Id.* at ¶¶109(h), 115 (emphasis added).

a fact-specific approach focusing on the underlying allegations of fraudulent conduct to determine whether Rule 9(b) applies.[27]

25.     The primary reason the Court in *Janvey* and *GE Capital Commercial* declined to apply Rule 9(b) was the absence of allegations of fraud against the defendants noting that they were mere recipients of fraudulently obtained funds.[28]  That is decidedly not the case here, where the Complaint alleges that Defendants (and Broker Defendants as a whole) actively "participated" in the underlying fraudulent scheme with repeated blanket allegations surrounding the conduct of the "Broker Defendants." Rule 9(b)'s requirement for particularity becomes especially important under the circumstances of this case as the Complaint's undifferentiated and conclusory "group pleading" of its fraud allegations against 42 individuals and entities (collectively referred to as "Broker Defendants") falls woefully short of Rule 9(b)'s requirements.

26.     Significantly, other than identifying Defendants as Parties to the present matter[29], the singular reference to Defendants by name in the entire Complaint is in paragraph 106 – where Plaintiff generally asserts (in conclusory fashion) that payments were "exchanged for the fraudulent

---

[27] *See, e.g., Janvey v. Suarez*, 978 F. Supp. 2d 685, 700 (N.D. Tex. 2013) (concluding that Rule 9(b) did not apply where defendant was merely a recipient of fraudulently obtained funds and not alleged to have engaged in any fraudulent conduct); *GE Capital Commercial, Inc. v. Wright & Wright, Inc.*, 2009 WL 5173954, at *10 (N.D. Tex. 2009) (concluding Rule 9(b) did not apply where plaintiff "has not alleged *fraud* against [defendant] … which is the contemplation of Rule 9(b)" and only alleged defendants "were the recipient of funds fraudulently obtained") (emphasis in original). In *Janvey*, the Court concluded that it "can find no principled reason for applying Rule 9's pleading requirements to … the Receiver's fraudulent transfer claims" because, among other things, "[t]here is no allegation that the [d]efendant committed any act of fraud." See *Janvey*, 978 F.Supp.2d at 700 (internal citations omitted). Similarly, in GE Capital, the Court concluded that the heightened pleading requirements of Rule 9(b) did not apply stating, among other things, that "[Plaintiff] has not alleged *fraud* against [defendant]" and "merely alleged that [defendants] were the recipient of funds fraudulently obtained." *See GE Capital*, 2009 WL 5173954 at 10 (noting "[n]othing in the complaint or record indicates that [defendants] committed any fraudulent act that caused the funds to be transferred" and "[t]hat [plaintiff] has specifically alleged fraud against other Defendants in this case (and not against Moving Defendants) further indicates that [plaintiff] did not intend to allege fraud against [defendant].")). As discussed herein, that is not the case in the present matter where the Complaint explicitly alleges that Defendants engaged in fraudulent activity and actively participated in the underling "fraudulent scheme."

[28] *Compare Janvey*, 978 F.Supp.2d at 700, and *GE Capital*, 2009 WL 5173954 at 10, *with* fn. 27, 28 *supra*.

[29] ECF No. 1, Receiver's Original Complaint, ¶¶ 8-10, 15-16.

solicitations" of Mr. Vera.[30]  What fraudulent solicitations? When were they made? Where were

they made? To whom? Why were they fraudulent? The Complaint does not say and instead relies

on vague conclusory group attributions to the collective "Broker Defendants."[31]  Some notable

examples include the following:

- "The Broker Defendants concentrated their solicitations …"[32];
- "The Broker Defendants and each of them employed solicitations…"[33];
- "Broker Defendants, on behalf of the Receivership Defendants, directed investors …"[34];
- "…each of the Broker Defendants instilled fear in Investors…"[35];
- "The Broker Defendants and each of them failed to disclose …"[36];
- "Investors were persuaded to purchase through false representations made by the Broker Defendants, and each of them …"[37]; and
- "The Broker Defendants, and each of them, told investors…"[38].

27.     These general recitations do not satisfy Rule 9(b)'s pleading requirements that a

plaintiff must: (1) specify the specific statements contended to be fraudulent; (2) identify the

speaker; (3) state when and where the statements were made; or (4) explain why the statements

were fraudulent.[39]  Notwithstanding Plaintiff's impermissible group pleading and failure to identify

specific statements and/or attribute acts particular to Mr. Vera, or identify who at the Verastan

Group, LLC and/or Midwood Capital made such claims,[40] the Complaint also fails to establish

---

[30] *Id.* at ¶ 106(a), (d).

[31] *See id.*, *passim.*

[32] *Id.* at ¶ 60.

[33] *Id.* at ¶ 62.

[34] *Id.* at ¶ 67.

[35] *Id.* at ¶ 69.

[36] *Id.* at ¶¶ 74, 95.

[37] *Id.* at ¶ 85.

[38] *Id.* at ¶ 91.

[39] *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

[40] While Plaintiff includes a breakdown of transfers to Broker Defendants (including Defendants) as Ex. C to the Complaint, the Complaint fails to provide any particularized allegations as it pertains to the transfers to Defendants (former employees who received salary/commissions as part of their employment) or the circumstances surrounding each transfer.

"when" Defendants made the alleged misrepresentations or omissions. For example, other than generally stating "[f]rom at least September 1, 2017, through September 2020…,"[41] the Complaint fails to expressly connect that time frame to any alleged misstatement or omission by Defendants – choosing instead to merely assert blanket allegations against the "Broker Defendants." Such an extended time frame fails to state the "time" of the alleged fraud with the requisite particularity.[42]

### B.   The Complaint Fails to State a Claim for Constructive Fraudulent Transfer.

28.     The Complaint's claim for constructive fraudulent transfer (Count II) fails to state a claim concerning "reasonably equivalent value" as it pertains to transfers made to Defendants. While the Fifth Circuit has not ruled on whether Rule 9(b) applies to constructive fraudulent transfer claims, and district courts in the Fifth Circuit have "suggested" that constructive fraudulent transfer claims are only subject to Rule 8(a)'s notice pleading standard,[43] Plaintiff's claim (similar to the claim for actual fraudulent transfer) is predicated in large part on Defendants' alleged participation in the underlying "fraudulent scheme" and so-called "fraudulent sales solicitations made by the Broker Defendants," which Plaintiff summarily asserts "provided no value to the Receivership Entities."[44]  Put another way, while constructive fraud normally focuses solely on the "debtors financial condition" and "the sufficiency of the consideration" (and "not an actual intent to defraud")[45] - Plaintiff's claim for constructive fraudulent transfer (as pled) unequivocally "sounds

---

[41] ECF No. 1, Receiver's Original Complaint, ¶¶ 66-67.

[42] *See Gage v. Davis S.R. Aviation, LLC*, 623 Fed. Appx. 622, 627 (5th Cir. 2015) (finding allegations that defendant engaged in fraudulent activity "between 2009 and 2011 … not specific enough to comply with Rule 9(b)").

[43] *See Campbell v. Texas Tea Reclamation, LLC*, 2021 WL 2211690, at *6 (S.D. Tex. 2021) (quoting *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 120 (5th Cir. 2019); *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 651 (N.D. Tex. 2020) (noting "judges in the Northern District of Texas have held that some fraudulent transfer causes of action that do not have elements of a fraudulent state of mind are not subject to Rule 9" but that "this depends on the fraudulent transfer claim the plaintiff brings.").

[44] ECF No. 1, Receiver's Original Complaint, ¶ 115 (emphasis added).

[45] *See Campbell*, 2021 WL 2211690, at *6.

in fraud" and is inextricably intertwined with allegations of fraud by Defendants – and therefore must be pled with Rule 9 specificity.

29.     Notwithstanding this fact, and similar to Plaintiff's claim for actual fraudulent transfer, the Complaint fails to include any particularized allegations that Mr. Vera did not provide a reasonably equivalent value in exchange for the transfers at issue, nor have they provided any particularized allegations that Mr. Vera and/or an unknown person at Verastan Group or Midwood Capital: (1) made "fraudulent sales solicitations"; (2) "were aware of complaints from Investors"; and (3) "were not acting in good faith with respect to the Transfers."[46]  Instead, Plaintiff relies solely on its blanket conclusory allegations against the collective 42 "Broker Defendants."

30.     Even assuming arguendo, that Rule 9(b) does not apply (which it should), the conclusory allegations asserted in the Complaint still fails to state a claim for constructive fraudulent transfer under Rule 8(a).[47]

C.      <u>The Complaint Fails to State a Claim for Unjust Enrichment and Money Had and Received.</u>

31.     Plaintiff's unjust enrichment claim/constructive trust claim generally asserts that the "Broker Defendants have been unjustly enriched by the Transfers of property they received from the Receivership Entities,"[48] while Plaintiff's "Money Had and Received" claim similarly asserts that Broker Defendants "received the Transfers and other property from the Receivership

---

[46] ECF No. 1, Receiver's Original Complaint, ¶ 116.

[47] *See, e.g., Campbell*, 2021 WL 2211690, at *6 (dismissing Plaintiff's constructive fraudulent transfer claims where plaintiff "offer[ed] no factual allegations supporting his conclusory assertions that [defendants] made the transfers at issue without receiving equivalent value in exchange…"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[48] ECF No. 1, Receiver's Original Complaint, ¶ 120.

Entities, that in equity and good conscience belong to the Receivership Entities."[49]  Texas courts have consistently held that unjust enrichment is not an independent cause of action.[50]

32.    Notwithstanding this fact, the heightened pleading requirements of Rule 9(b) apply to Plaintiff's equitable claims for unjust enrichment and money had and received as they are both "inextricably intertwined" with Plaintiff's fraudulent transfer claims under CUFTA.[51]  The VeroBlue court further explained:

> "The case law indicates that what triggers specific pleading for fraud claims is not the label attached to the claims but the substance of the allegations. If the allegations in a claim are not labeled "fraud," but are labeled as such things like "unjust enrichment," "negligent misrepresentation," or "conspiracy," then Rule 9 applies to those claims."[52]

That is precisely the case here where Plaintiff's claims for Unjust Enrichment and Money Had and Received are both predicated on the existence of an underlying "fraudulent scheme" and Defendants alleged participation in that scheme. Plaintiff's claims for unjust enrichment and money had and received should dismissed for all of the same reasons Plaintiff's claims for fraudulent transfer should be dismissed.

---

[49] *Id.* at ¶ 124. *See Janvey v. Suarez*, 978 F. Supp. 2d 685, 699 (N.D. Tex. 2013) (noting the equitable principle of unjust enrichment and the equitable common law claim for money had and received are "substantively identical.").

[50] *See Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *9 (N.D. Tex. 2006) (dismissing unjust enrichment claim at motion to dismiss stage and holding that it is not an independent cause of action); *Taylor v. Trevino*, 2021 WL 347566, at *4 (N.D. Tex. 2021) (noting "Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action, but is instead a theory upon which an action for restitution may rest.") (internal citation omitted).

[51] *See, e.g., VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 653 (N.D. Tex. 2020) (noting that "whether Rule 9's heightened pleading requirements for fraud applies to other claims (such as rescission, restitution, or declaratory judgment) … depends on the facts" and that when the "facts indicate these ancillary equity claims include and are inextricably intertwined with fraud allegations … these claims sound in fraud and must be pled with Rule 9 specificity.") (emphasis added).

[52] *Id.* (noting the claims asserted "include specific factual assertions of fraudulent conduct in the body of the count.") (emphasis added) (internal citations omitted).

D.     The Motion for a More Definite Statement.

33.     In support of the Defendants' Motion for a More Definite Statement, the Movant acknowledges that the Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in excruciating detail; however, the Plaintiff has failed to provide essential, bare details that are sufficient to identify which Broker Defendants [referenced collectively in paragraphs 1, 5, 56, 59-67, 69, 70, 72-74, 77-79, 84-85, 88, 90-93, 95-106, 108, 109, 111, 112, 115, 116, 118, 120-122, and 124-126 of the Complaint] are responsible for the acts referenced therein and those paragraphs are completely devoid of any supporting facts.

34.     Even if the Plaintiff falls under the notice pleading of FRCP 8(a) instead of the more particularity required by FRCP 9(b), the failure to identify which of the Broker Defendants are alleged to have participated in the acts recited in each referenced above leaves the Complaint vague and ambiguous and the Vera Defendants without the ability to meaningfully respond.

35.     In "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading," Rule 12(e) permits the party to "move for a more definite statement before interposing a responsive pleading." In making such a motion, the moving party must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).  *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

36.     Defendants ask that Plaintiff be compelled to plead with particularity the Federal Rules of Civil Procedure was found in Rule 9(b) which requires particularity in complaints alleging fraud or mistake.

37.     To the extent that the Broker Defendants are not alleged to have been complicit in fraudulent conduct by the Receiver, the allegations must specify which of the Vera Defendants were involved and the facts surrounding the involvement of each Vera Defendant.

DATED: September 16, 2022       Respectfully submitted,

                           */s/ Michael S. Alfred*
                           Michael S. Alfred
                           State Bar No. 24014416
                           HALLETT & PERRIN, P.C.
                           1445 Ross Avenue, Suite 2400
                           Dallas, TX 75202
                           (214) 922-4121 telephone
                           (214) 922-4142 fax
                           malfred@hallettperrin.com

                           G. B. Brannan
                           (*pending application for pro hac vice admission*)
                           CA State Bar No. 135579
                           BRANNAN LAW
                           30765 PCH #177
                           Malibu, CA 90265
                           (424) 270- 1900 telephone
                           brannanlaw@yahoo.com

                           *Attorneys for Walter Vera, Verastan Group, LLC,*
                           *and Midwood* **Capital**

## CERTIFICATE OF SERVICE

        I hereby certify that on September 16, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system, which sent a "Notice of Electronic Filing" to all attorneys of record, in accordance with the Federal Rules of Civil Procedure.

                           */s/ Michael S. Alfred*
                           Michael S. Alfred