## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER. §§§§§§§ | |
| Plaintiff, | |
| v. | Case No. 3:21-cv-02181-E |
| DAVID BLEEDEN, BEARHUNTER, LLC, XAN, LLC, DANIEL ISAAC HALIMI, HALIMI GROUP, LLC, ATHENA HUNTER, TPH BOSS, LLC, RANDALL KOHL, THE VOICE, INC., BENJAMIN LEE, METTABEL, INC., DERIC SCOTT NED, POOR TRAP, INC., DEEP STATE MARKETING, INC., MICHAEL PERALTA, MPERA CORP., SEAN REZA, also known as THOMAS REZA, AMERIGOLD, INC., KYLE D. SANNA, HURRICANE HOLDINGS, INC., LTK MARKETING, LLC, CHRISTOPHER STEPHAN, ECO BLUE, INC., WALTER VERA, VERASTAN GROUP, LLC, MIDWOOD CAPITAL, RICHARD JOE DOUGHERTY III, RICH DOUGH, INC., MATTHEW LEVITT, GOONER ENTERPRISES, INC., JAMES FLICEK, ELLIPSIS MARKETING, JOSHUA FERDMAN, FERDMAN GROUP, INC., ANDREW EILERS, ANDREW J. EILERS CONSULTING, INC., ALEXANDER FLAMER, 9TH LEVEL MARKETING, INC., DAVID WOLAN, HARPER METALS GROUP, LLC, BROCK BOWERS, TOTM PRODUCTION GROUP, LLC, PHILLIP LEVY, and IQ CAPITAL ADVISORS, INC. | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS DAVID BLEEDEN, BEARHUNTER, LLC, XAN, LLC, RANDALL KOHL, AND THE VOICE, INC.'S MOTION TO DISMISS RECEIVER'S ORIGINAL COMPLAINT**

Defendants David Bleeden, Bearhunter, LLC, Xan, LLC, Randall Kohl, and The Voice, Inc. (collectively referred to herein as "Defendants"), by and through their undersigned counsel, respectfully submit the following reply in further support of their Motion to Dismiss and in response to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition").

## SUMMARY

Plaintiff's Opposition makes clear that Defendants have established that the Complaint's allegations of fraudulent transfer, unjust enrichment and money had and received should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and that the claims are fatally deficient for failure to comply with Rule 9(b), which requires that "all averments of fraud" and "the circumstances constituting fraud … ***shall be stated with particularity***."[1] Despite Plaintiff's attempt to claim that Defendants are relying "on the wrong legal standard," established precedent makes clear that when, as here, the underlying ***allegations*** "sound in fraud," the heightened pleading standard of Rule 9(b) applies.[2] Plaintiff's Opposition focuses solely on the ***causes of action*** asserted in the Complaint and conveniently ignores the underlying substantive factual allegations upon which those causes of action are predicated (*i.e.,* the existence of a "fraudulent scheme to defraud" investors and Broker Defendants active participation in that scheme). The factual allegations of the Complaint attempt to plead fraudulent conduct as to Defendants and dismissal is therefore appropriate here as those factual allegations are deficiently pled.[3]

---

[1] *See* Fed. R. Civ. P. 9(b) (emphasis added).

[2] *See, e.g., VeroBlue Farms USA, Inc. v. Wulf,* 465 F. Supp. 3d 633, 653 (N.D. Tex. 2020).

[3] In light of the supporting documentation provided by Plaintiff with respect to what appeared to be a procedural issue surrounding Plaintiff's compliance with 28 U.S.C. § 754, Defendants withdraw their argument as it pertains to lack of personal jurisdiction. This argument, however,

**ARGUMENT**

I.   **RULE 9(b) APPLIES TO THE CLAIMS ASSERTED BY PLAINTIFF BECAUSE THE COMPLAINT'S ALLEGATIONS ARE GROUNDED IN FRAUD.**

By its terms, Rule 9(b) applies to *allegations* of fraud, not just "claims" of fraud.[4] This Court makes clear that "what triggers specific pleading for fraud claims is not the label attached to the **claims** but the substance of the **allegations**."[5]

The Complaint here is predicated on an alleged "scheme to defraud at least 1,600 persons throughout the United States into purchasing gold and silver bullion" and alleges that the "Broker Defendants" (collectively as a whole) actively "participated" in that scheme by, *inter alia*, "locating and contacting Investors and using fraudulent statements and omissions … to lure

---

in no way detracts from the Complaint's fatal pleading deficiencies which justifies dismissal under Fed. R. Civ. P. 12(b)(6) and 9(b).

[4] *See, e.g., VeroBlue,* 465 F. Supp. 3d at 653 (noting that whether Rule 9(b)'s heightened pleading requirement for fraud applies to other claims "depends on the facts" and when the causes of action are "inextricably intertwined with fraud allegations" the claims "sound in fraud and must be pled with Rule 9 specificity."). The term "claims" utilized herein (and in cited precedent) is synonymous with "causes of action."

[5] *Id.* (emphasis added). *See also, Hernandez v. Ciba-Geigy Corp. USA,* 200 F.R.D. 285, 291 (S.D. Tex. 2001) (noting "Rule 9(b) applies to all *allegations* that sound in fraud" and that "Rule 9(b) looks beyond how the plaintiff phrases his or her complaint and applies 'to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'") (emphasis added) (internal citations omitted); *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009) (noting that while "fraud" may not be a "necessary element of [the] claim," a plaintiff "may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading … as a whole must satisfy the particularity requirement of Rule 9(b).") (emphasis added).

investors into buying bullion and coins at grossly inflated prices."[6] These allegations bring the Complaint within the scope of Rule 9(b).[7]

A.    **Plaintiff's Fraudulent Transfer Claims Must be Dismissed.**

When the above analysis is applied to Plaintiff's claims of fraudulent transfer, there is little doubt (nomenclature notwithstanding) that the claims are grounded (and sound in) fraud, triggering the heightened pleading requirements of Rule 9(b). Plaintiff – focusing only on the ultimate *claims* (causes of action) while attempting to marginalize the *allegations* of the Complaint – argues that the underlying allegations as to Defendants are "not relevant" because Plaintiff need only allege particularized allegations as they pertain to the *transferor*.[8]

---

[6] *See* ECF No. 1 (Receiver's Original Complaint), at ¶¶ 4-5. The Complaint (relying on vague conclusory group attributions) includes a number of additional allegations regarding the Broker Defendants' conduct and alleged participation in the fraudulent scheme. *See, e.g.,* Complaint, ¶¶ 59-74, 77-80, 84-85, 88, 91-93, 96, 98-99.

[7] Plaintiff's contention that "some courts" in the Northern District of Texas have held that Rule 9 does not apply to claims for actual fraudulent transfer tacitly acknowledges there are courts that have concluded Rule 9 **does** apply. *See, e.g., In re Reagor-Dykes Motors, LP,* 2020 WL 4939180, *8-9 (N.D. Tex. 2020) (applying 9(b) to actual fraudulent transfer claims and noting that while "[t]he Fifth Circuit has yet to rule on this issue," it "has determined that the heightened pleading standard of Rule 9 'applies whenever fraud is an essential part of the claim.'"); *Quilling v. Stark,* 2006 WL 1683442, *5 (N.D. Tex. 2006) (noting that "[a]lthough the Fifth Circuit has not spoken directly on the subject, ***most courts*** hold that Rule 9(b) applies to fraudulent transfer actions.") (emphasis added).

[8] Opp. at p. 8. Plaintiff's cite *GE Capital Commercial, Inc. v. Wright & Wright,* 2009 WL 5173954 (N.D. Tex. 2009) for the proposition that "[Plaintiff] has not alleged *fraud* against [Moving Defendants], which is in contemplation of Rule 9(b)" and that "Plaintiffs have merely alleged that Moving Defendants were the recipients of funds fraudulently obtained" and "[n]othing in the complaint or record indicates that Moving defendants committed any fraudulent act that caused the funds to be transferred." Opp. at 7. That is decidedly not the case here, where the Complaint is replete with allegations that Defendants (collectively referenced as "Broker Defendants") engaged in fraudulent activity and actively participated in the underlying fraudulent scheme.

Plaintiff further argues that "the allegations of fraudulent conduct in solicitations of investors by the Defendants are relevant only in support of other causes of actions and affirmative defenses."[9] Essentially, Plaintiff argues that he can effectively choose (and tailor) which allegations of fraud in the Complaint must be plead with particularity to suit his stated claims. Established precedent in the Northern District of Texas states otherwise.[10]

This rule of law applies where fraud is not a necessary element of the claim (such as constructive fraudulent transfer).[11] Plaintiff's claims made in the Complaint are predicated on the

---

[9] *Id.* at fn. 7. Plaintiff's citation to *Rasmussen v. Smith,* 2020 WL 109863 (N.D. Tex. 2020) – a matter involving plaintiff's motion for summary judgment – does not stand for this proposition nor does it reference or discuss the applicability of Rule 9(b).

[10] *See, e.g., VeroBlue,* 465 F.Supp.3d at 653 (noting that "what triggers specific pleading for fraud claims is not the label attached to the ***claims*** but the substance of the ***allegations***.") (emphasis added); *Ebert v Gustin,* 2016 WL 11663164, *15 (N.D. Tex. 2016) (concluding that "Plaintiff's claims are premised on allegations of fraud, and thus her claim is subject to the heightened pleading standard of Rule 9(b)."); *Litson-Gruenber v. JPMorgan Chase & Co.,* 2009 WL 4884426, *4 (N.D. Tex. 2009) ("In the present case, however, Plaintiff's claims are premised on allegations of fraud and the pleadings are therefore subject to the heightened pleading standard of Rule 9(b).").

[11] *See, e.g., Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003) (noting "[i]n cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct" and "[i]n some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b),") (internal citation omitted). Plaintiff's contention that *VeroBlue* is distinguishable from the present matter because defendants were "insiders" and "essentially both *transferees **and** transferors*" misses the point. Opp. at p. 8 (emphasis in original). Under *VeroBlue* and its progeny, the focus is not the labeling of the claims, but rather "the substance of the allegations." *Id. See also Hernandez,* 200 F.R.D. at 291 (noting "Rule 9(b) applies to all *allegations* that sound in fraud" and that "Rule 9(b) looks beyond how the plaintiff phrases his or her complaint…") (emphasis added). The "substance" of the allegations here - particularly as it pertains to Defendants - is that they engaged in fraudulent activity and actively participated in the underlying fraudulent scheme. Given those allegations unquestionably "sound in fraud," they are subject to the heightened pleading requirements of Rule 9(b).

underlying alleged "fraudulent scheme" and Defendants' alleged "participation" in that scheme. Those claims, therefore, fall within the ambit of Rule 9(b) and are subject to a heightened pleading standard. The Complaint, however, fails to plead, with the requisite particularity, the circumstances underlying the alleged fraudulent conduct as it pertains to *each* of the Defendants, nor does it distinguish Defendants' actions from those of the other Broker Defendants. In fact, the Complaint does not identify **_any_** specific statements and/or attribute acts particular to Messrs. Bleeden and Kohl. This undifferentiated and conclusory "group pleading" of its fraud allegations against Broker Defendants (comprised of 42 individuals and entities) falls woefully short of Rule 9(b)'s requirements.[12]

Plaintiff misplaced cite to *VeroBlue* for the proposition that "plaintiffs are permitted under federal procedure to alleged that more than one defendant (i.e., a group of named defendants) committed the same alleged act,"[13] is of no help to it. The court's analysis in *VeroBlue* notably does not end where Plaintiff leaves off but goes on to highlight that the complaint "fails to

---

[12] *See, e.g., Ingalls v. Edgewater Private Equity Fund III, L.P.,* 2005 WL 2647962, at *5 (S.D. Tex. 2005) (concluding that plaintiff's grouping all defendants together was in violation of Rule 9(b) and "fails to satisfy the requirement that the who, what, where, why, and when of the fraud be specified."); *Lillard v. Stockton,* 267 F. Supp.2d 1081, 1094 (N.D. Okla. 2003) ("[W]here fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient" and "the specifics of the alleged fraudulent activity of *each defendant* must be set forth.") (emphasis added). Plaintiff's dismissal of the discussion regarding Rule 9(b) in *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333 (5th Cir. 2008) as applying only to "securities fraud claims" [Opp. at pp. 7-8] is simply not true. *See Dorsey,* 540 F.3d at 338-39 (noting "[b]oth federal and state-law fraud claims are subject to the pleading requirements of Rule 9(b)" and that "[w]e see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules…") (internal citation omitted).

[13] Opp. at p. 12, fn. 9.

6

illuminate who made the fraudulent statements and what their state of mind was at the time."[14] What is more, in response to plaintiff's assertion that "the group pleading is permissible because [defendants] acted in concert," the *VeroBlue* court stated it was "*unaware of any authority that allows plaintiffs to so easily circumvent Rule 9*."[15]

> **B.      Plaintiff's Claim for Unjust Enrichment and Money Had and Received are Similarly Grounded In Fraud and Subject to Rule 9(b).[16]**

It is well-established that a claim for unjust enrichment that is grounded in fraud is subject to the heightened pleading requirements of Rule 9(b).[17] The Fifth Circuit has noted that "[a]t a minimum, Rule 9(b) requires that the plaintiff specify the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."[18]

---

[14] *See VeroBlue,* 465 F. Supp.3d at 655 (noting that the "[g]roup pleading of fraud isn't the only fraud pleading issue" and that "other deficiencies exist, including failing to identify when misrepresentations took place and where they occurred.").

[15] *Id.* ("And if saying 'you are a fraudster' is not enough, then saying 'y'all are fraudsters' likewise falls short of Rule 9's standards - notwithstanding the inestimable power of the word 'y'all.'").

[16] Plaintiff's Opposition does not contest that this Court has consistently held that unjust enrichment is not an independent cause of action. Def. Motion, p. 16 (fn. 60).

[17] *See, e.g., VeroBlue,* 465 F. Supp.3d at 653 ("If the allegations in a claim are not labeled 'fraud,' but are labeled such things as unjust enrichment …then Rule 9 applies to those claims); *Chau v. Aviva Life & Annuity Co.,* 2011 WL 1990446, *8 (N.D. Tex. 2011) (applying Rule 9(b) to unjust enrichment allegations that were "grounded in fraud."); *JPA, Inc. v. USF Processors Trading Corp., Inc.,* 2005 WL 8158446, *3 (N.D. Tex. 2005) (applying Rule 9(b) to unjust enrichment allegations that sounded in fraud).

[18] *See Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 179 (5th Cir. 1997) (noting "[t]he failure of [the complaint] to identify specific statements made by any of the defendants is fatal to [plaintiffs'] action" and that the "vague pleadings illustrate the practical basis for the requirement that a plaintiff point to specific statements made by the defendants.") (internal citations omitted).

Plaintiff's Opposition focuses almost exclusively on the conduct of the Receivership Defendants and ignores the Complaint's allegations of fraud asserted against Defendants (and the Broker Defendants as a whole). Indeed, notwithstanding passive reference to the Defendant Broker's receipt of payment "compensation, unearned commissions, and sales prizes" and that they [Broker Defendants] were "used" by Receivership Defendants, Plaintiff's Opposition primarily relies on the vague conclusory assertion that the group of 42 Broker Defendants "used fraudulent techniques and representations" to investors and "benefitted from this activity" - yet fails to provide *any* specific allegations as it pertains to Messrs. Bleeden and Kohl.[19]

Plaintiff's reliance on the list of payments made to Defendants as part of the normal course of their employment[20] – without any context or underlying allegations specific to Defendants – fares no better. As stated above, this does not satisfy the heightened pleading requirements of Rule 9(b).

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opening brief, Defendants' Motion to Dismiss should be granted for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(6) and 9(b).

---

[19] Opp. at 16. The Complaint allegations referenced by Plaintiff in support of this argument [¶¶ 59-93, 96-100] are comprised of nothing more than vague conclusory group attributions to the collective Broker Defendants. Indeed, the singular reference to Defendants by name in the **entire** Complaint is in paragraph 106 – where Plaintiff generally asserts (in conclusory fashion) that payments were "exchanged for the fraudulent solicitations" of Messrs. Bleeden and Kohl. *See* Def. Motion, ¶ 33.

[20] *See* ECF No. 1 (Receiver's Original Complaint), at Exhibit C.

By:    */s/ Daniel A. Cook*_____
Daniel A. Cook, Esq.
Texas Bar No. 24097525
LOUDERMILK LAW, PLLC
514 E. Belknap Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 730-9300
Fax: (817) 796-1755
daniel@loudermilklaw.com

Jason C. Moreau, Esq.,
Mass Bar No. 648678*
John A. Sten, Esq.
Mass. Bar No. 629577*
Karl T. Fisher, Esq.
Texas Bar No. 24097689
ARMSTRONG TEASDALE, LLP
800 Boylston Street, 30th Floor
Boston, MA 02199
Telephone: (617) 824-5150
Fax: (617) 830-8490
Email: jsten@atllp.com
       jmoreau@atllp.com

*Attorneys for Defendants David Bleeden,*
*Bearhunter, LLC, Xan, LLC, Randall Kohl,*
*and The Voice, Inc.*

*\*Applications for admission pro hac vice pending.*

Dated: September 26, 2022

9