IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER FOR TMTE, INC. a/k/a METALS.COM, et al.<br><br>Plaintiff,<br><br>v.<br><br>DAVID BLEEDEN, et al.,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:21-cv-02181-X |

**RECEIVER'S RESPONSE IN OPPOSITION TO DEFENDANTS
DAVID WOLAN AND HARPER METALS GROUP, LLC'S MOTION TO DISMISS**

COMES NOW Plaintiff Kelly Crawford, in his capacity as Receiver for TMTE, Inc., a/k/a Metals.com, et al. ("Receiver" or "Plaintiff"), and files this his Receiver's Response in Opposition to Defendants David Wolan ("Wolan") and Harper Metals Group, LLC's ("Harper") Motion to Dismiss (the "Response in Opposition"), and in support thereof, respectfully shows the Court as follows:

**I.
Factual Summary**

In Civil Action No. 3:20-cv-2910-X, *CFTC, et al., v. TMTE, Inc. a/k/a Metals.Com, et al.*, (the "Underlying Lawsuit"), the CFTC and 30 states filed their Complaint ("Underlying Complaint") against Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher ("Asher"), Simon Batashvili ("Batashvili"), and the entities they controlled, TMTE, Inc., a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc. and Tower Equity, LLC., for engaging in a fraudulent scheme to defraud at least 1,600 persons throughout the United States into

---

purchasing gold and silver bullion at exorbitant prices.[1] On September 22, 2020, the Court entered an Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SRO") [Underlying Lawsuit, Dkt. 16]. Pursuant to the SRO, the Court appointed Kelly M. Crawford as Receiver of the assets of Asher, Batashvili, and the entities they own and control (the "Receivership Defendants")[2] and vested the Receiver with authority to recover assets and investigate and initiate claims. Thereafter, the SRO was extended by consent orders. *See* Underlying Lawsuit, Dkt Nos. 164 and 165.

On September 13, 2021, the Receiver filed the Complaint in this lawsuit (the "Complaint"), and asserted five causes of action against 44 defendants (the "Broker Defendants") seeking to recover—for the benefit of the Receivership Estate—more than $11 million in fraudulent transfers paid by the Receivership Defendants to the Broker Defendants. Pursuant to Rules 12(b)(2), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, Defendants urge the Court to dismiss the Complaint. *See* Dkt. 120.

In their filing purporting to be an answer and motion to dismiss (the "Motion" or "MTD"), Defendants Wolan and Harper (the "MTD Defendants") copied and pasted their motion from a motion to dismiss previously filed in this Court (the "Vera MTD") [Dkt. 89], which the Receiver responded to [Dkt. 91] (the "Response to Vera MTD"). Before the Vera MTD, other defendants in this case also made identical arguments in a motion to dismiss [Dkt. 81] (the "Bleeden MTD"), which the Receiver responded to [Dkt. 86] (the "Response to Bleeden MTD").

---

[1] *See* the Underlying Complaint, ¶¶1-6, attached to the Complaint in this case as Exhibit B.

[2] As defined in the SRO. See SRO ¶30. In general, all capitalized terms not defined herein have the meaning assigned to them in the SRO.

---
**RECEIVER'S RESPONSE IN OPPOSITION TO THE DEFENDANTS
DAVID WOLAN AND HARPER METALS GROUP, LLC'S MOTION TO DISMISS**       Page 2

The MTD is not merely wrong, it blatantly violates Rule 11. Since the issues it rases have already been thoroughly addressed (and because the MTD is self-contradicting and largely incomprehensible), the Receiver will keep this Response in Opposition short so as to better conserve the resources of the receivership estate for the benefit of the investors victimized by the Receivership Defendants. For a more in-depth treatment, the Receiver asks the Court to take judicial notice of, and refers the Court to, docket numbers 86 and 91.

## II.
## Argument and Authorities

A.   **This Court has Personal Jurisdiction Over Defendants.**

The MTD Defendants' objection to personal jurisdiction under Rule 12(b)(2) was waived. The MTD alleges "Plaintiff cannot allege that he satisfied the mandated filing requirements of 28 U.S.C § 754." However, MTD Defendants waived any defense to personal jurisdiction that they may have had when they signed an agreed motion and joint stipulation [Dkt. 116] and its accompanying proposed agreed order [Dkt. 116-1]. *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("a party's right to object to personal jurisdiction certainly is waived under Rule 12(h) if such party fails to assert that objection in his first pleading or general appearance"). For the Court's convenience, the agreed motion and joint stipulation [Dkt. 116] and its accompanying proposed agreed order [Dkt. 116-1] have been attached hereto as **Exhibit A** to the *Appendix In Support of Receiver's Response* (the "Appendix").

Furthermore, on September 12, 2022, an appendix in support of the Response to Bleeden MTD [Dkt. 87] (the "Bleeden Appendix") was served on all parties, including the MTD Defendants. Pages 141 to 275 of the Bleeden Appendix contain filings timestamped by the Central District of California proving that the Receiver satisfied the requirements of 28 U.S.C § 754 with respect to the Central District of California. In response, defendants, who had

previously filed a motion to dismiss, acknowledged that "[i]n light of the supporting documentation provided by Plaintiff . . . surrounding Plaintiff's compliance with 28 U.S.C. § 754, Defendants withdraw their argument as it pertains to lack of personal jurisdiction." See Reply Brief in Support of the Bleeden MTD [Dkt. 90], at 2 n.3.

The MTD Defendants admit that Wolan is a resident of Los Angeles, California, which sits in the Central District of California. See MTD at 10. The Receiver has alleged that Wolan is the registered agent for Harper. See Complaint, ¶ 47. This has not been controverted by MTD Defendants. See MTD, at 7 and 10. Even if MTD Defendants had raised a question of fact, any dispute of fact must be resolved in favor of the plaintiff. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 342–43 (5th Cir. 2004). Thus, the timestamped filings in the Central District of California, attached hereto as **Exhibits B** to the Appendix, establish personal jurisdiction over MTD Defendants under 28 U.S.C. § 754.[3] *See, Janvey v. Alguire*, 846 F. Supp. 2d 662, 669 (N.D. Tex. 2011) (holding that courts possess personal jurisdiction under Section 754 over defendants to an ancillary case brought by the receiver where receiver timely filed the order appointing him and the underlying complaint in the appropriate district court).

### B. The Receiver Adequately Pleaded Each Claim Alleged in the Complaint.

The MTD Defendants also argue the Complaint does not satisfy Rule 12(b)(6) and the heightened pleading standard of Rule 9(b). MTD, at 14–15. The MTD Defendants' argument with respect to group pleading does not apply because "where more than one defendant allegedly committed the same act together, a complaint is not defective for the reason that it asserts that all defendants committed that same act, without identifying each individual defendant." *Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.*, No. 3:18-CV-0854-

---

[3] Section 754 provides that the receiver shall "within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located."

D, 2019 WL 175078, at *7 (N.D. Tex. Jan. 10, 2019). Furthermore, the Complaint contains Exhibit C which, as in *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 119 (5th Cir. 2019), "sets out the details of the allegedly fraudulent transfers—including the transferor, transferees, amounts, and time period—and the complaint itself contains pages of allegations detailing the underlying fraudulent scheme." See the Response to Vera MTD, at 12–14, regarding group pleading.

The MTD Defendants also allege there is a flaw with respect to the fraudulent intent aspects of the Complaint. This argument must fail as a matter of law.[4] Each argument advanced by the MTD Defendants has already been thoroughly responded to in previous filings. See Response to Bleeden MTD [Dkt. 86], at 5–17; see also Response to Vera MTD [Dkt. 91], at 3–16. The Receiver explicitly incorporates by reference his Response to Bleeden MTD [Dkt. 86] and his Response to Vera MTD [Dkt. 91].

### III.
### Conclusion and Request for Relief

For the reasons discussed above, Plaintiff requests the Court to enter an order denying the Motion to Dismiss, granting Plaintiff his reasonable attorneys' fees in responding to the MTD, and granting Plaintiff such other and further relief which Plaintiff may show himself to

---

[4] A "transferee's knowing participation is irrelevant under the statute for purposes of establishing a fraudulent transfer." *Mountaineer Invs., LLC v. Hofer*, No. 1:12-CV-94, 2012 WL 7062039, at *6 (E.D. Tex. Dec. 21, 2012), *report and recommendation adopted*, No. 1:12-CV-94, 2013 WL 489603 (E.D. Tex. Feb. 8, 2013). "When determining the liability of a transferee, TUFTA focuses on the intent of the transferor rather than the transferee, i.e., if the transferor had an intent to hinder, delay, or defraud any creditor, that intent is sufficient to hold a transferee liable." *DGG Grp., LLC v. Lockhart Fine Foods, LLC*, No. A-20-CV-330-RP, 2020 WL 2475821, at *3 (W.D. Tex. May 13, 2020); see also *In re IFS Fin. Corp.*, 669 F.3d 255, 264–65 (5th Cir. 2012) ("The statute focuses on the transferor's intent, rather than the transferee's . . . [the] transferees' knowing participation is irrelevant."); *S.E.C. v. Resource Development Intern., LLC,* 487 F.3d 295, 301 (5th Cir.2007) (same); *Warfield*, 436 F.3d 551, 559 (same). Contentions of the MTD Defendants concerning the MTD Defendants' "own state of mind as the transferee" is irrelevant. *Mountaineer*, 2012 WL 7062039, at *6. Note that transferors are also liable for fraudulent transfers, in addition to the transferee, and fraudulent transfer cases often involve self-dealing where the transferee is or controls the transferor. To the extent cases in in the Fifth Circuit considered the intent of a defendant or recipient, said defendant or recipient functioned as the transferor. *See, e.g., Thomas v. Hughes*, 27 F.4th 995, 1016 (5th Cir. 2022).

---

be justly entitled.

                    Respectfully submitted,

                    SCHEEF & STONE, LLC,

                    By: */s/ Peter Lewis*
                        PETER LEWIS
                        State Bar No. 12302100
                        peter.lewis@solidcounsel.com
                        500 North Akard, Suite 2700
                        Dallas, Texas 75201
                        (214) 706-4200 Telephone
                        (214) 706-4242 Facsimile

                  BROWN FOX PLLC

                        CHARLENE C. KOONCE
                        State Bar No. 11672850
                        charlene@brownfoxlaw.com
                        Cortney C. Thomas
                        State Bar No. 24075153
                        cort@brownfoxlaw.com
                        8111 Preston Road, Suite 300
                        Dallas, Texas 75225
                        (214) 327-5000 Telephone
                        (214) 327-5001 Facsimile

                  **ATTORNEYS FOR PLAINTIFF**
                  **KELLY CRAWFORD, IN HIS**
                  **CAPACITY AS RECEIVER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2023, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all parties of record.

                                                      */s/ Peter Lewis*
                                                     PETER LEWIS