UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER FOR TMTE, INC. a/k/a METALS.COM, et al., §§§§§ | |
| § | Civil Action No. 3:21-CV-2181-X |
| *Plaintiff*, §§ | |
| v. §§ | |
| DAVID BLEEDEN, et al., §§ | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Kelly M. Crawford's, in his capacity as Receiver, Request for Default Judgment Against Certain Defendants in Default. (Doc. 198). Plaintiff seeks default judgment against the following defendants: Christopher Stephan; Eco Blue, Inc. ("Eco Blue"); Richard Joe Dougherty, III; Rich Dough Inc. ("Rich Dough"); Andrew Eilers; Andrew Eilers Consulting, Inc. ("Eilers Consulting"); TOTM Production Group LLC ("TOTM"); and 9inth Level Marketing, Inc. ("9inth Level"). The Court construes the request as a motion and **GRANTS** it.

## I.   Background

The clerk previously issued an entry of default for each of those named defendants.[1] The Court must now turn to the issue of entering a default judgment.

---

[1] *See* Docs. 152 (entry of default for Christopher Stephan); 152-1 (entry of default for Eco Blue, Inc.); 152-3 (entry of default for Richard Joe Dougherty, III); 152-4 (entry of default for Rich Dough

Typically, for claims involving sums certain, Federal Rule of Civil Procedure 55(b)(1) governs and states that "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing who is neither a minor nor an incompetent person."[2]

The posture in this case is unusual because, although Plaintiff was correct in requesting the clerk to enter default judgment because the requests were for amounts certain, the declaration and the needed amounts were filed in what seems like a motion to the Court. So the Court construes the request as a motion for default judgment and rules accordingly.[3]

## II. Legal Standards

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[4] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the

---

Inc.); 152-5 (entry of default for Andrew Eilers); 152-6 (entry of default for Andrew Eilers Consulting, Inc.); 152-7 (entry of default for TOTM Production Group LLC); and Doc. 158 (entry of default for 9inth Level Marketing).

[2] FED. R. CIV. P. 55(b)(1).

[3] *See* Doc. 198-1 at 1–9.

[4] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

defendant to set the default judgment aside.[5] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[6] A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[7]

### III. Application

The Court deems the facts on liability to be admitted. Further, the Receiver provided a declaration with the motion for default judgment.[8] For each of the defendants who are individuals, the Receiver provided that each was not a minor, incompetent, or a member of the military.[9] And while Rule 55 allows for hearings, it does not command them. Plaintiff's motion is supported by a declaration on damages. As a result, a ruling without a hearing is proper.

### A. Procedural Appropriateness of Default Judgment

The Court now turns to the *Lindsey* factors. First, there are no material facts in dispute because the eight defaulting defendants have not filed any responsive pleading. Second, regarding substantial prejudice, the Court sees little substantial prejudice here because the original complaint was filed nearly two-and-a-half years ago, and the defendants never answered. Third, the grounds for default are clearly

---

[5] *Id.*

[6] *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[7] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 972 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[8] Doc. 198-1.

[9] *See id.* at 1–9.

established here because defendants failed to respond, and a clerk's entry has been issued.  Fourth, the Court has no reason to believe the eight defendants at issue here are operating under excusable neglect or a good faith mistake.  Fifth, regarding the harshness of a default judgment, the Court is only awarding damages equivalent to the recovery of fraudulent transfers made to the defendants.  And sixth, the Court would not be obliged to grant a motion from defendants setting aside the default judgment because of the total lack of response for multiple years and failure to plead a meritorious defense.

### B. Sufficiency of Plaintiff's Complaint

Next, the Court must assess the merits of Plaintiff's claims considering its complaint.  Although the eight defendants here, by virtue of their default, are deemed to have admitted Plaintiff's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[10]  Plaintiff's original complaint in this case—the one on file at the time of the underlying motion—raises several claims, including actual fraudulent transfer, constructive fraudulent transfer, unjust enrichment, and money had and received.[11]  This Court has already determined that each of the four claims are sufficiently pled.[12]  The Court still agrees.[13]

---

[10] *Nishimatsu*, 515 F.2d at 1206.

[11] Doc. 1 at 26–30.

[12] *See* Doc. 124 at 10, 12, 16.

[13] The Court also notes the payments detailed in the complaint from the Receivership Entities to the eight defaulting defendants.  Doc. 1-4 at 21–22 (payments received by Defendants Stephan and Eco Blue); 26 (payments received by Defendants Dougherty and Rich Dough); 30 (payments received

4

## C. Damages

Plaintiff's default judgment motion specifies that he seeks the following, with the costs of the action: (1) $24,300 plus interest from the date of judgment from Defendant Stephan;[14] (2) $231,389 plus interest from the date of the judgment from Defendant Eco Blue;[15] (3) $128,136.92 plus interest from the date of judgment from Defendant Dougherty;[16] (4) $118,887.44 plus interest from the date of judgment from Defendant Rich Dough;[17] (5) $15,520.25 plus interest from the date of judgment from Defendant Eilers;[18] (6) $45,811.69 plus interest from the date of judgment from Defendant Eilers Consulting;[19] (7) $26,646.68 plus interest from the date of judgment from Defendant 9inth Level;[20] and (8) $4,454.09 plus interest from the date of judgment from Defendant TOTM.[21] These amounts are supported by a declaration by the Receiver with an exhibit outlining the fraudulent payments received by Defendants.[22] The Court awards these amounts to Plaintiff.

Finally, Plaintiff is entitled to post-judgment interest. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly

---

by Defendants Eilers and Eilers Consulting); 31 (payments received by Defendant 9inth Level); and 33 (payments received by Defendant TOTM).

[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* at 3.
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.* at 5.
[20] *Id.* at 6.
[21] *Id.*
[22] *See id.* at 13–16.

average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."[23]  The weekly average 1-year constant maturity Treasury yield as of the date of this judgment is 4.92%.[24]

For the foregoing reasons, the Court **GRANTS** the motion for default judgment and enters judgment in favor of Plaintiff.  The Court awards Plaintiff $24,300 from Defendant Stephan; $231,389 from Defendant Eco Blue.; $128,136.92 from Defendant Dougherty; $118,887.44 from Defendant Rich Dough; $15,520.25 from Defendant Eilers; $45,811.69 from Defendant Eilers Consulting; $26,646.68 from Defendant 9inth Level; and $4,454.09 from Defendant TOTM, and post-judgment interest at 4.92% from each defaulting defendant.  This is a final judgment.  The Court further **ORDERS** Plaintiff to file a bill of costs within 14 days.  All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 20th day of February, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 1961(a).

[24] Board of Governors of the Federal Reserve System, Selected Interest Rates (Daily) – H.15, *at* https://www.federalreserve.gov/releases/h15/ (last visited Feb. 20, 2024).