# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **KELLY M. CRAWFORD, IN HIS CAPACITY AS RECEIVER,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:21-CV-2181-X** |
| **DAVID BLEEDEN, *et al.*,** | § § | |
| **Defendants.** | § § | |

## RECEIVER'S RESPONSE TO VERA DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT

COMES NOW Kelly M. Crawford ("Receiver") and files this, *Receiver's Response to Vera Defendants' Motion to Stay and Brief in Support* (the "*Response*") and in support thereof, respectfully shows the Court the following.

---

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................................... 2

TABLE OF AUTHORTIES ...................................................................................................... 3

INTRODUCTION ..................................................................................................................... 5

FACTUAL BACKGROUND .................................................................................................... 6

ARGUMENT ............................................................................................................................. 9

   A.    The Evidence Submitted By The Vera Defendants In Support of The Motion
        To Stay Is Not Credible And Should Be Disregarded ..................................................... 9

   B.    The Motion To Stay Should Be Denied Because There Are No Special
        Circumstances And The Vera Defendants Will Not Suffer Prejudice By
        The Case Continuing ..................................................................................................... 10

        a.    The Degree Of Overlap Is Mere Speculation Because There Has Not
            Been an Indictment and No Criminal Charges are Pending ............................. 12

        c.    The Receiver Has A Substantial Interest In Resolving The Dispute
            Expeditiously ................................................................................................... 13

        d.    The Risk Of Prejudice For The Vera Defendants Is Minimal .......................... 15

        e.    The Court Has A Substantial Interest In Resolving The Dispute ..................... 16

        f.    The Public Has A Substantial Interest In Resolving The Dispute .................... 17

CONCLUSION ........................................................................................................................ 18

CERTIFICATE OF SERVICE ................................................................................................ 19

# TABLE OF AUTHORTIES

Page(s)

## Cases

*Alcala v. Tex. Webb Cnty.*,
  625 F.Supp.2d 391 (S.D.Tex.2009) ...................................................10, 11, 12, 13, 14, 15, 18

*In re CFS*,
  256 F.Supp.2d 1227 (N.D.Okla.2003) ...................................................................................12

*Citibank, N.A. v. Hakim*,
  1993 WL 481335 (S.D.N.Y. Nov. 18, 1993) ..........................................................................12

*Gonzalez v. Fresenius Med. Care N. Am.*,
  571 F. Supp. 2d 758 (W.D. Tex. 2008)...................................................................................12

*Jostens, Inc. v. Hammons*,
  No. 4:20-CV-00225, 2022 WL 2110415 (E.D. Tex. June 10, 2022) ...............................13, 17

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ....................................................................................................11

*Koester v. Am. Republic Investments, Inc.*,
  11 F.3d 818 (8th Cir. 1993) ..............................................................................................12, 16

*Langiano v. City of Fort Worth, Tex.*,
  No. 4:21-CV-00808-O, 2022 WL 6813630 (N.D. Tex. Sept. 10, 2022) ................................17

*Longoria v. Cnty. of Dallas, Tex.*,
  No. 3:14-CV-3111-L, 2015 WL 3822233 (N.D. Tex. June 19, 2015) ...................................11

*Meyers v. Pamerleau*,
  No. 5:15-CV-524-DAE, 2016 WL 393552 (W.D. Tex. Feb. 1, 2016) ...................................16

*In re Ramu Corp.*,
  902 F.3d 312 (5th Cir. 1990) ..................................................................................................15

*S.E.C. v. AmeriFirst Funding, Inc.*,
  No. CIV A 307-CV-1188-D, 2008 WL 866065 (N.D. Tex. Mar. 17, 2008)..........................11

*Sec. & Exch. Comm'n v. Faulkner*,
  Civil Action No. 3:16-CV-1735-D, 13 (N.D. Tex. Jun. 6, 2018)...........................................18

*Sec. & Exch. Comm'n v. Faulkner*,
  No. 3:16-CV-1735-D, 2018 WL 888910 (N.D. Tex. Feb. 13, 2018) .....................................15

*Sec. & Exch. Comm'n v. First Fin. Group of Tex., Inc.*,
    659 F.2d 660 (5th Cir. 1981) ...............................................................................10

*Sec. & Exch. Comm'n v. Mueller*,
    No. 21-CV-00785-XR, 2022 WL 818678 (W.D. Tex. Mar. 17, 2022) ............................14, 15

*United States v. Little Al*,
    712 F.2d 133 (5th Cir.1983) ...............................................................................10

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ...............................................................................11

**Statutes**

Commodities Exchange Act .........................................................................................6

**Other Authorities**

Fifth Amendment .................................................................................11, 12, 13, 15

Fed. R. Evid Rule 802.................................................................................................9

Fed. R. Evid. Rule 805...............................................................................................9

Rule 26.....................................................................................................................7

# I.

## <u>INTRODUCTION</u>

1.      In the fall of 2021, the Receiver filed the above referenced lawsuit to " claw back" millions of dollars of commissions paid to, amongst others, Defendants Walter Vera ("Vera"), Verastan Group, a California corporation ("Verastan"), and Midwood Capital, LLC, a California limited liability company ("Midwood") (collectively, the "Vera Defendants") for the sale of overpriced  metals– primarily to elderly investors– in violation of federal  commodities and state securities laws.  After years of litigating the Receiver's lawsuit, the Vera Defendants suddenly decided  to file their *Motion to Stay and Brief in Support* (the "*Motion to Stay*") [Dkt. 313] to seek an indefinite stay of the Receiver's case against them based upon a search warrant regarding the Vera Defendants' employer that was executed upon more than four years ago, as well as an undefined "criminal investigation" in which none of the Vera Defendants and none of the employers of the Vera Defendants have been indicted.  In support of the Vera Defendants' *Motion to Stay*, the Vera Defendants' counsel G. Bryan Brannan ("Brannan") provided a declaration[1] which contains numerous statements that either lack foundation or are hearsay and should be disregarded, as discussed below.

2.      As explained in more detail below,  the *Motion to Stay* (a)  is not supported by any admissible evidence and should be denied  on that basis alone; (b) was filed solely for the purpose of delay in order to avoid the Receiver's repeated attempts to depose Vera; and/or (c) does  not come close to meeting the six-factor test adopted by the Fifth Circuit Court of Appeals for staying a case pending a criminal investigation.

---

[1] Appendix to Defendant's *Motion to Stay*, APP001-002

## II.

## **FACTUAL BACKGROUND**

3.       On September 22, 2020, the Commodities Futures Trading Commission ("CFTC"), along with thirty (30) states filed a lawsuit in the Northern District of Texas, Dallas Division against *TMTE, Inc. a/k/a Metals.Com, et al.*, Civil Action No. 3:20-cv-2910-X  (the "Underlying Lawsuit").  In the Underlying Lawsuit, the Plaintiffs allege that the defendants violated multiple provisions of the Commodities Exchange Act and various state securities laws by selling metals at egregiously high prices to primarily elderly investors. Contrary to the implicit suggestion of the Vera Defendants, the Underlying Lawsuit is a civil case wherein the Plaintiffs are *not* seeking any criminal penalties.

4.       On September 22, 2020, Mr. Crawford was appointed Receiver by this Court in the Underlying Lawsuit for the purpose of recovering the assets of the defendants for ultimate distribution to persons who purchased metals from the defendants at grossly inflated prices. [Dkt. 16].

5.       On September 24, 2020, the Federal Bureau of Investigation ("FBI") executed a search warrant in Beverly Hills, California of the primary office of the defendants in the Underlying Lawsuit.

6.       As part of his duties as Receiver, the Receiver identified millions of dollars received by the defendants in the Underlying Lawsuit from the sale of metals to customers that were paid to salespersons or brokers as commissions for making the metals sales. The Receiver made demands upon the salespersons and brokers to turn over the commissions they received to the Receiver, and they refused.  Accordingly, on September 13, 2021, the Receiver filed his lawsuit

against the salespersons and brokers, including the Vera Defendants, to recover the commissions.[2] Indeed, the Receiver alleges the Vera Defendants received more than $4.5 million in commissions for selling the overpriced metals to customers, and the Receiver seeks to recover the monies as fraudulent transfers.[3]

7.     Throughout the pendency of the Receiver's lawsuit against the Vera Defendants- which now approaches four (4) years, the Vera Defendants actively defended against the Receiver's claims[4], and participated in discovery without once raising the FBI's execution of a search warrant more than four years ago as a basis to stay the Receiver's lawsuit against the Vera Defendants.

8.     As part of the discovery process in the Underlying Lawsuit and this lawsuit, the documents received by the Receiver from the Federal Bureau of Investigations ("FBI") were uploaded to a DISCO database that was made available to all defendants, including the Vera Defendants. Counsel for the Vera Defendants confirmed receipt of instructions to access the DISCO database.[5] If the Vera Defendants now claim they do not have access to scripts or other documents taken by the FBI, their argument is baseless because they have not reviewed the documents turned over by the FBI to the Receiver that were made available to the defendants more than a year ago.

---

[2] *See Original Complaint* [Dkt. 1], pp. 1–3; *see also First Amended Complaint* [Dkt. 209], pp. 1–3.
[3] *Id.*
[4] The Walter Defendants filed a *Motion to Dismiss* for Failure to State a Claim on September 16, 2022 [Dkt. 89] that, after briefing, was denied by the Court; and the Vera Defendants have responded to the Receiver's Interrogatories, Requests for Admissions, and Requests for Production of Documents.
[5] See Peter Lewis Declaration, attached hereto as Exhibit A and incorporated herein by reference, ¶¶ 4-5; See Plaintiff's Rule 26 Disclosures sent via email on June 30, 2023, attached hereto as Exhibit B and incorporated herein by reference.

9.      Once the Receiver tried to depose Defendant Vera, Vera began desperately searching for a way to avoid the deposition.  First, he and his counsel were "unavailable."[6]After finally agreeing upon a date for the deposition, on the eve of the deposition, Vera had a "medical issue" that allegedly kept him from being able to testify.[7]  Once the time lapsed for the "medical issue" excuse to become stale, the next time the Receiver noticed his deposition, Vera suddenly claimed the lawsuit against him needs to be stayed because the FBI has his cell phone that was taken from him more than four years ago.[8]

10.     There is no evidence provided by the Vera Defendants that any of the Vera Defendants have been indicted; or, for that matter, that any of the employers of the Vera Defendants or any of the defendants in the Underlying Lawsuit or in this lawsuit have been indicted.  Indeed, there is no evidence that the Vera Defendants have even been identified as a "target" of a criminal investigation. At most, the evidence provided by the Vera Defendants is a statement by the Assistant U.S. Attorney that "'disclosure will not be made by any [DOJ] official' when such disclosure would 'reveal investigatory record compiled for law enforcement purposes and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would there be impaired.'"[9]   The evidence submitted by the Vera Defendants also indicates "there may be an opportunity to image Vera's personal phone assuming an agreement on chain or custody and authenticity can be reached with the FBI and Assistant U.S. Attorney."[10]

---

[6] See Receiver's Response to Vera Defendants' Motion to Quash Deposition Notice and for Protective Order, Exhibit A [Dkt. 310].
[7] Id.
[8] See Vera's Motion to Stay, pg. 1 ¶ 1.
[9] Appendix to Defendants' *Motion to Stay*, APP209
[10] *Id.*

**RECEIVER'S RESPONSE TO VERA DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT**

11.    In the absence of any indictment, none of the defendants in the Underlying Lawsuit, and none of the defendants in this case, other than the Vera Defendants, have requested a stay of the lawsuits.

### III.

### <u>ARGUMENT</u>

**A.    The Evidence Submitted By The Vera Defendants In Support of The Motion To Stay Is Not Credible And Should Be Disregarded.**

12.    As stated above, in support of the Vera Defendants' Motion to Stay, the Vera Defendants' counsel –G. Bryan Brannan ("Brannan") –provided a declaration[11] containing numerous statements that either lack foundation or are hearsay.

13.    Specifically, the following statements by Brannan in his declaration lack foundation and constitute hearsay not admissible under any exception as discussed after each statement. Rule 802, Fed. R. Evid; Rule 805, Fed. R. Evid.:

a.    "*I understand that when Vera explained to the FBI that his phone was personal, the FBI still seized it and advised Vera that his personal phone was 'evidence*.'" What allegedly Vera explained to the FBI, and what the FBI advised Vera, is blatant hearsay.

b.    "[*T*]*he Vera Defendants and I had the understanding, based upon information released to the media by the FBI, that the Bureau had closed its investigation*." What the Vera Defendants understood lacks foundation and is hearsay. The bald assertion of "information released to the media by the FBI" is overtly hearsay and lacks foundation. There is no credible evidence the FBI ever released information

---

[11] Appendix to Defendant's *Motion to Stay*, APP001-002

to the media about its investigation. Indeed, if it had, the Vera Defendants should

have produced such information released to the media.

    c.   "*The Vera Defendants did not believe there was any further threat of criminal*

*prosecution*." What the Vera Defendants believed lacks foundation and is blatant

hearsay.

    d.   "*I understand the search warrant was never provided to Vera*." This statement lacks

foundation and should be disregarded by the Court.

14.    Accordingly, as set forth above, the foregoing statements the Vera Defendants rely

upon in support of the *Motion to Stay* should be disregarded by the Court.

**B.    The Motion To Stay Should Be Denied Because There Are No Special Circumstances And The Vera Defendants Will Not Suffer Prejudice By The Case Continuing.**

15.    A district court may stay a civil proceeding during the pendency of a parallel

criminal proceeding. Such a stay contemplates "special circumstances" and the need to avoid

"substantial and irreparable prejudice." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983)

(citing *Sec. & Exch. Comm'n v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

However, there is no general federal, constitutional, statutory, or common law rule barring the

simultaneous prosecution of separate civil and criminal actions by different federal agencies

against the same defendant involving the same transactions. *First Fin. Group of Tex., Inc.*, 659

F.2d at 666-667 (parallel civil and criminal proceedings instituted by different federal agencies are

not uncommon occurrences because of the overlapping nature of federal civil and penal laws.). "It

'is the rule, rather than the exception' that civil and criminal cases proceed together." *Alcala v. Tex.*

*Webb Cnty.,* 625 F.Supp.2d 391, 397 (S.D.Tex.2009) (quoting *Gonzalez v. Fresenius Med. Care N.*

*Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008)); see also *Keating v. Office of Thrift Supervision,*

45 F.3d 322, 326 (9th Cir. 1995) ("Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.").

16.     When considering a defendant's motion to stay a civil proceeding in a receivership setting due to a criminal action, the Fifth Circuit looks at six factors: (1) the degree to which the civil issues overlap with the criminal issues; (2) the status of the criminal case, whether or not the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously versus the prejudice to plaintiffs that the delay would cause; (4) the private interests and burden on the defendants; (5) the interests of the court; and (6) the public's interest. *S.E.C. v. AmeriFirst Funding, Inc.*, No. CIV A 307-CV-1188-D, 2008 WL 866065 (N.D. Tex. Mar. 17, 2008) (citing *Heller Healthcare Fin., Inc. v. Boyes*, No. CIV.A. 300CV1335D, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002)).

17.     When applying these factors, the court has broad discretion. *Longoria v. Cnty. of Dallas, Tex.*, No. 3:14-CV-3111-L, 2015 WL 3822233 at *7 (N.D. Tex. June 19, 2015). Significantly, the party seeking a stay bears the burden of justifying the stay. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). A complete stay is considered an extraordinary remedy, namely because it is tantamount to a defendant's "blanket assertion" of the Fifth Amendment, which is itself improper. *Kiselak Capital Group, LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *2 (N.D. Tex. Sept. 20, 2011) (citing *United States v. Goodwin,* 625 F.2d 693, 701 (5th Cir.1980)). Finally, the court must keep in mind there is a strong presumption in favor of discovery in a civil case. *Alcala,* 625 F.Supp.2d at 397–98.

18.    The Vera Defendants have not met their burden of justifying the imposition of a stay, nor can they.  A defendant wishing the court to grant a motion to stay must prove that the civil and criminal proceedings are so interrelated that he cannot protect himself during the civil proceeding by selectively invoking his Fifth Amendment privilege or that the two proceedings overlap so much that an effective defense to either is impossible. *Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (citing *Anglada v. Sprague*, 822 F.2d 1035, 1036–37 (11th Cir.1987)). Applying the six-factor test and the reasons below, there are no special circumstances in this case and the Vera Defendants will not suffer substantial and irreparable harm by the Court denying their *Motion to Stay*.

### a.    The Degree Of Overlap Is Mere Speculation Because There Has Not Been an Indictment and No Criminal Charges are Pending.

19.    "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (1990). Indeed, courts have found the lack of an indictment alone may be enough to deny a stay. *Kiselak Capital Group, LLC*, 2011 WL 4398443; *Alcala,* 625 F.Supp.2d at 401. ("Prior to an indictment, whether the issues will even overlap is a mere matter of speculation."). Courts generally decline to impose a stay where the defendant is under criminal investigation but has yet to be indicted. *In re CFS,* 256 F.Supp.2d 1227, 1237 (N.D.Okla.2003) (citing *Sterling Nat. Bank v. A–1 Hotels Int'l, Inc.,* 175 F.Supp.2d 573, 576 (S.D.N.Y.2001)); *Gonzalez,* 571 F.Supp.2d at 763 (citing *United States ex rel. Shank v. Lewis Enters., Inc.*, 2006 WL 1064072, at *3 (S.D.Ill. Apr. 21, 2006). A "pre-indictment motion to stay can be denied on this ground alone." *Citibank, N.A. v. Hakim,* 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993).

20.    In this case, the Vera Defendants have not been indicted and have not been charged. The only evidence before this Court is that the FBI executed upon a search warrant more than four years ago and that a criminal investigation has been in the process since 2020. There is no evidence the Vera Defendants have even been identified as "targets" of a criminal investigation. The scope of the investigation is unknown, and therefore it is impossible for the Court to find the Receiver's claims against the Vera Defendants overlap with criminal issues the Vera Defendants may or may never have.

21.    In addition, the Vera Defendants are unable to show the government is using the civil suit as a means of aiding its prosecution of a criminal action as no criminal case has been filed. *Alcala*, 625 F. Supp. 2d at 404. Additionally, the Vera Defendants still maintain their selective Fifth Amendment right to avoid self-incrimination. *Id.* at 403 (questions asked during a deposition would not burden the civil defense due to the selective invocation of the Fifth Amendment in response). The degree of overlap is thus, purely speculative.

**b.    There is No Criminal Case or Indictment for the Court to Consider.**

22.    The second factor used by the Fifth Circuit to consider a motion to stay also favors the Receiver. There is no criminal case for the Court to consider the status of, and the Vera Defendants have not been indicted. Indeed, there is no indictment of any of the defendants in this case or the Underlying Lawsuit for the Court to consider.

**c.    The Receiver Has A Substantial Interest In Resolving The Dispute Expeditiously.**

23.    Looking at the third factor used by the Fifth Circuit, this case has been pending for over three (3) years and involves actions that took place as early as 2017. *Jostens, Inc. v. Hammons*, No. 4:20-CV-00225, 2022 WL 2110415, at *2 (E.D. Tex. June 10, 2022). The Receiver has a

substantial interest in expeditiously and *finally* resolving this dispute for the benefit of the claimants in the receivership.

24.    Staying the Receiver's claims against the Vera Defendants would impose an undue hardship on the Receiver because the 1,043 customers of the defendants in the Underlying Lawsuit who have claims approved by the Court in the Underlying Lawsuit, and for whom the Receiver is seeking to recover assets, have been waiting for more than four years to receive a return of at least a portion of the monies they lost.  Indeed, many of the claimants are elderly, and 48 claimants have passed away while the Underlying Lawsuit has been pending. The Vera Defendants are asking for a stay of the Receiver's lawsuit until *"a Grand Jury returns a no bill, or if a Grand Jury returns a true bill, until the conclusion of any criminal proceedings the Government might bring against one or more of the Vera Defendants."*[12]  With no indictment or criminal case pending, there is no telling how many months or years the Receiver would be stayed from pursuing the claims against the Vera Defendants.  In addition to delaying relief for the 1,043 claimants in the receivership, a delay of months or years will lead to the loss of evidence. *Alcala*, 625 F. Supp. 2d at 405. "With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Id.*; *Sec. & Exch. Comm'n v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678 at *3 (W.D. Tex. Mar. 17, 2022) (stating that even though the case was in its early stage of discovery, the fact that the underlying actions took place 5 years before suit was filed weighed in favor of denying a motion to stay). Here, there has already been a substantial amount of time passed.[13] Presumably, relevant information sought by the Receiver is couched in the

---

[12]  Vera's Motion to Stay, p.1 ¶ 2.
[13] This case is currently scheduled for a jury trial on August 18, 2025, and the discovery deadline is May 23, 2025. This case has previously been continued four times from its original setting and will not be continued again, absent extraordinary circumstances.

RECEIVER'S RESPONSE TO VERA DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT

memory of Vera and is in danger of degrading over time. *Alcala*, 625 F. Supp. 2d at 405.  Thus, a further delay will simply exacerbate the already uphill battle the Receiver is facing.

        **d.**      **The Risk Of Prejudice For The Vera Defendants Is Minimal.**

25.      The Vera Defendants complain that without a stay they face a Hobson choice of "foregoing the ability to defend this case"….or "waiving their Fifth Amendment rights."  First and foremost, Verastan Group, a California corporation, and Midwood Capital, LLC, a California limited partnership, who are part of the "Vera Defendants" have no Fifth Amendment rights.  *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 888910, at *8 (N.D. Tex. Feb. 13, 2018) (citing *Braswell v. United States*, 487 U.S. 99, 105, 108 (1988)). Accordingly, there is no potential prejudice for these entities.  For Walter Vera, it is his decision to determine whether there is a risk of criminal exposure in the absence of an indictment, criminal proceeding, or being identified as a target of a criminal investigation.  But having to make this decision is not sufficient to stay a civil case. Asserting prejudice "requires more than the mere possibility of prejudice" because depriving claimants of relief for an extended time "is an extremely harsh consequence." *See In re Ramu Corp.*, 902 F.3d 312, 320 (5th Cir. 1990) (noting that "[e]ven discretionary stays, however, will be reversed when they are immoderate or of an indefinite duration.").  "[I]t is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Sec. & Exch. Comm'n v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678, at *3 (W.D. Tex. Mar. 17, 2022) (quoting *Gonzalez*, 571 F. Supp. 2d at 764).

26.      The Vera Defendants make the bald assertion, without any evidence, that the government is relying on this case to gain an advantage before bringing an indictment.[14] There is

---

[14] Vera's Motion to Stay, pg. 11 ¶ 3

**RECEIVER'S RESPONSE TO VERA DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT**

simply no basis for this assumption. Indeed, there is no evidence the Department of Justice was even aware of this lawsuit against the Vera Defendants until the Vera Defendants made their Touhy request (more than 4 years after Vera's cell phone had been taken by the FBI). In addition, the idea that the Receiver has documents he received from the FBI concerning the Vera Defendants that the Vera Defendants are unaware of, is likewise baseless. Documents received by the Receiver from the FBI were uploaded by the Receiver onto a DISCO database that has been available to the defendants in this case for more than a year.

27.    Further, as support for their argument of prejudice that would be suffered if a stay were not imposed, the Vera Defendants cite *Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).  The Vera Defendants *completely* misinterpret the holding in *Koester* by arguing the court granted the defendant's motion to stay.[15]  In fact, the court in *Koester* denied the motion to stay, finding the defendant failed to meet his burden of proving a stay was warranted, and holding the district court that granted the stay was "within its discretion in concluding that its long-scheduled trial of this multi-party case should go forward." *Koester,* 11 F.3d at 823.

28.    In this instance, there is nothing more than a "fanciful possibility of prosecution." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552 at *7 (W.D. Tex. Feb. 1, 2016). To the Receiver's knowledge, none of the defendants in this case or the Underlying Lawsuit have been indicted, and there is no evidence of such before the Court. Therefore, any risk of prejudice is minimal for the Vera Defendants.

**e.    The Court Has A Substantial Interest In Resolving The Dispute.**

29.    This lawsuit has been pending for well over three (3) years and courts have a strong interest in moving matters expeditiously through the judicial system, and yet the Vera Defendants

---

[15] Vera's Motion to Stay, p. 12 ¶ 2.

are asking this Court to stay the proceedings against them for an indefinite period that could potentially be years. *Hammons*, 2022 WL 2110415 at *2 (citing *Kiselak Capital Grp., LLC*, 2011 WL 4398443, at *4); *Langiano v. City of Fort Worth, Tex.*, No. 4:21-CV-00808-O, 2022 WL 6813630, at *2 (N.D. Tex. Sept. 10, 2022) ("There is no way of knowing when the criminal proceedings against Plaintiff will conclude, and the Court has an interest in avoiding indefinite delays."). There is no evidence of a pending criminal case, indictment, or even that a grand jury has been assembled.

30.    Moreover, a stay of the Receiver's case against the Vera Defendants would be contrary to judicial economy. The Vera Defendants are among a number of defendants in the lawsuit who were each brokers or salespersons for the defendants in the Underlying Lawsuit and the Receiver is seeking to recover in this lawsuit the commissions paid to the brokers or salespersons. If the Receiver's claims against the Vera Defendants are stayed, the Receiver will have to put on virtually the same case twice – first against the other defendant brokers and salespersons, and second against the Vera Defendants. There is no reason for requiring the Receiver to have two trials of virtually the same underlying facts.

31.    Considering the age of this lawsuit, the indefinite stay being requested by Vera when no indictment has been issued or criminal case filed, and the lack of judicial economy in requiring the Receiver to try many of the same facts twice, the Court should find this factor favors denying the Vera Defendants' *Motion to Stay*.

   **f.    The Public Has A Substantial Interest In Resolving The Dispute.**

32.    "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Hammons*, 2022 WL 2110415, at *2 (citing *Kiselak Capital Grp., LLC*, 2011 WL 4398443, at *4). Although the degree of overlap is an important consideration in weighing the

public's interest, as stated above, it is impossible to predict when an indictment will be handed to the Vera Defendants, if at all. *Alcala*, 625 F. Supp. 2d at 407. The delay the Vera Defendants seek is indefinite, and there is no way of knowing when or *if* the criminal proceeding will commence or conclude. *Id*.

33.     There is also a strong public interest in receiverships for receiver's to expeditiously complete the recovery of assets and distribute the assets to the approved claimants *Sec. & Exch. Comm'n v. Faulkner*, Civil Action No. 3:16-CV-1735-D, 13 (N.D. Tex. Jun. 6, 2018) ("The court recognizes that promoting the efficient administration of the Receivership Estate for the benefit of potential creditors is a primary purpose of equity receiverships.") (internal citations omitted). A stay of the Receiver's lawsuit against the Vera Defendants would fly in the face of this public interest. It would delay the Receiver's ability to make a distribution to the claimants and close the receivership. Most importantly, however, it will delay making restitution to the claimants who lost significant sums of their retirement monies. [16]

## IV.

## CONCLUSION

34.     The Vera Defendants fall far short of meeting their burden to satisfy the six factors used by the Fifth Circuit to consider a stay and therefore the Motion to Stay should be denied.

**WHEREFORE PREMISES CONSIDERED**, the Receiver requests that the Court deny the Motion to Stay and afford the Receiver such other and further relief as to which he may show himself to be justly entitled.

---

[16] A total of 1,043 claims have been approved by the Court in the total  sum of $68,442,656.67.

RECEIVER'S RESPONSE TO VERA DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT

**SCHEEF & STONE, L.L.P.**

By:    */s/ Peter C. Lewis*
       Peter C. Lewis
       Texas State Bar No.12302100
       Peter.lewis@solidcounsel.com
       500 N. Akard Street, Suite 2700
       Dallas, Texas 75201
       (214) 706-4200 – Telephone
       (214) 706-4242 – Telecopier

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of January, 2025, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Peter C. Lewis*
PETER C. LEWIS

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KELLY M. CRAWFORD, IN HIS** | § | |
| **CAPACITY AS RECEIVER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-CV-2181-X** |
| | § | |
| **DAVID BLEEDEN,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF PETER C. LEWIS

My name is Peter Lewis, I am over 18 years of age, have never been convicted of any crime involving moral turpitude and I am fully competent to make this Declaration.

1.    I am counsel to Kelly M. Crawford in his capacity as receiver ("Receiver") as appointed by this Court by an *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SRO")* entered on September 22, 2020 in the case *TMTE, Inc. a/k/a Metals.Com, et al.*, Civil Action No. 3:20-cv-2910-X ("Underlying Lawsuit"), and I have personal knowledge of each of the facts stated below.

2.    I am familiar with the *Receiver's Response to Vera Defendants' Motion to Stay and Brief in Support* (the "Response") filed concurrently with this declaration.

3.    Pursuant to my duties as counsel to the Receiver, I have corresponded with G. Bryan Brannan and Michael Alfred,  counsel to Defendants Walter Vera, Verastan Group, a California corporation, and Midwood Capital, LLC, a California limited liability company (collectively, the "Vera Defendants").

4.    As referenced in the Motion, all documents received by the Receiver from the FBI

are located on a DISCO database maintained by the Receiver that is, and has been, available to all defendants in the Underlying Lawsuit, including the Vera Defendants.

5.    Attached hereto as **Exhibit A-1** and incorporated herein for all purposes are true and correct copies of certain emails that were exchanged between my firm, Mr. Brannan, and Mr. Alfred, which relate to the Motion including, but not limited to, an email dated September 9, 2024, from Mr. Alfred to me, acknowledging receipt of credentials allowing him to access the DISCO database referred to above.

6.    I declare under penalty of perjury that the foregoing is true and correct and is within my personal knowledge on this 29th day of January 2025.

*/s/ Peter C. Lewis* _____
PETER LEWIS

# EXHIBIT A-1

**Haley Jones**

| | |
|---|---|
| **From:** | Michael Alfred <malfred@verislaw.net> |
| **Sent:** | Monday, September 09, 2024 10:06 AM |
| **To:** | Fredy Giron |
| **Cc:** | Support Support; Peter Lewis; Marcella Morales; Linda Thompson |
| **Subject:** | RE: DISCO information in the Bleeden case |

**CAUTION:** EXTERNAL EMAIL

Received, thanks.


Michael S. Alfred
VerisLaw, PLLC
4843 Colleyville Blvd., Suite 251-391
Colleyville, Texas 76034
malfred@verislaw.net
(817) 678-4121 (office)
(214) 402-7719 (mobile)
(512) 717-7230 (facsimile)


**From:** Fredy Giron <Fredy.Giron@solidcounsel.com>
**Sent:** Monday, September 9, 2024 9:48 AM
**To:** Michael Alfred <malfred@verislaw.net>
**Cc:** Support Support <support@solidcounsel.com>; Peter Lewis <Peter.Lewis@solidcounsel.com>; Marcella Morales <marcella.morales@solidcounsel.com>; Linda Thompson <Linda.Thompson@solidcounsel.com>
**Subject:** RE: DISCO information in the Bleeden case

Morning,

 You should receive an email shortly from Disco referring the access to the Metals Database. If you need further assistance, please contact me



Regards,


**Fredy Giron** | **SYSTEM ADMINISTRATOR** | **Scheef & Stone, LLP** | **Dallas 214.420.4286 | Frisco 214.472.2132**


**From:** Peter Lewis <Peter.Lewis@solidcounsel.com>
**Sent:** Friday, September 6, 2024 1:24 PM
**To:** Fredy Giron <Fredy.Giron@solidcounsel.com>; Marcella Morales <marcella.morales@solidcounsel.com>; Linda

1

Thompson <Linda.Thompson@solidcounsel.com>
**Subject:** FW: DISCO information in the Bleeden case

Do any of you know how I can provide the appropriate link info to the DISCO info for the Metals case to an opposing counsel?

**Peter Lewis** PARTNER
**Scheef & Stone, LLP**
<u>www.solidcounsel.com</u> | **214.706.4241**
Office: 214.706.4200 | Fax: 214.706.4242 | Cell: 214.215.0639
500 North Akard Street, Suite 2700, Dallas, Texas 75201

   

**Important:** This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:** Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys. If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

**From:** Brannan Law <brannanlaw@yahoo.com>
**Sent:** Thursday, September 05, 2024 4:52 PM
**To:** Peter Lewis <Peter.Lewis@solidcounsel.com>
**Cc:** Michael Alfred <malfred@verislaw.net>
**Subject:** DISCO information in the Bleeden case

CAUTION: EXTERNAL EMAIL

Peter-

Thank you very much for speaking with me about Walter Vera's case. During our conversation, you mentioned that you will provide the credentials to access the DISCO "vault" of information regarding the Metals.com case and the Bleedin case. Would you be kind enough to forward the information necessary to access those images?

Thank you very much.

GBB

G. Brannan
Brannan Law

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER FOR TMTE, INC. a/k/a METALS.COM, et al. <br><br> Plaintiff, <br> v. <br><br> DAVID BLEEDEN, et al., <br><br> Defendants. | § § § § § § § § § § § | Civil Action No. 3:21-cv-02181-E |

## PLAINTIFF'S RULE 26 DISCLOSURES

TO:    Defendants, by and through all counsel of record.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Kelly Crawford, in his capacity as Receiver for TMTE, Inc. a/k/a Metals.com (the "Receiver") by and through its undersigned counsel, hereby make its mandatory disclosures to Defendants ("Defendants").

## RESERVATIONS

1.    These disclosures are based upon information reasonably available to the Receiver as of this date. Continuing investigation and discovery may alter these disclosures. Accordingly, the Receiver reserves the right to supplement and/or amend these disclosures as new information becomes known and available.

2.    By making these disclosures, the Receiver does not represent that any particular document exists within its possession, custody or control.

3.    These disclosures are made without waiver of, or prejudice to, any objections the Receiver may have and the Receiver reserves the right to object to uses of any evidence for

–1–

purposes not permitted by the Rules of Evidence, and to object to discovery requests or proceedings relating to the subject matters disclosed.

4.    The Receiver expressly reserves the right to identify and call as witnesses additional persons other than those listed below, if, during the course of discovery and investigation relating to this proceeding, the Receiver learns that such additional persons have knowledge of relevant matters.

**5.**    These disclosures are made subject to and without limiting any of the foregoing reservations.

## <u>FED. R. CIV. P. 26(a)(1) DISCLOSURES</u>

**26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of the information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Pursuant to FED. R. CIV. P. 26(a)(1)(A)(i), and to the extent known by the Receiver, the following individuals are likely to have discoverable information that the Receiver may use to support his claims. The following does not include expert witnesses who will be identified at a later date in accordance with the Federal Rules of Civil Procedure and any scheduling order entered by the Court. In providing this information, the Receiver is not waiving any applicable privilege or work product protection. The Receiver expressly reserves the right to identify and to call as witnesses additional persons if, during the course of discovery and investigation relating to this case, the Receiver learns that such additional persons have relevant knowledge. The inclusion of the individuals in the list below should not be construed in any way as waiving any attorney-client privilege or work product information that such individuals might possess. By including an individual on this list, the Receiver does not waive its right to object to any deposition or trial testimony of such individual. The Receiver contends, based upon information and belief and the investigation of its counsel, that the following individuals and/or entities presently have knowledge of discoverable information relevant to the facts alleged in the Complaint:

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 1. | Kelly Crawford, as Receiver, (the Receiver) | Peter C Lewis<br>Scheef & Stone LLP<br>500 N Akard, 27th Floor<br>Dallas, TX 75201<br>T 214-706-4241<br><br>Charlene C. Koonce<br>Brown Fox PLLC<br>8111 Preston Rd, Suite 300<br>Dallas, TX 75225<br>T 214-327-5000 | The Receiver possesses information relevant to all claims asserted in this lawsuit, including but not limited to his investigation regarding the Receivership Defendants'[1] business operations, including their employment of Defendants, the fraud or misrepresentations made in furtherance the Receivership Defendants' sales of precious metals, the records and other evidence demonstrating the Transfers made to each Defendant, claims against and obligations owed by the Receivership Defendants, including the Investor Claims, insolvency of the Receivership Defendants, evidence supporting the badges of fraud regarding the fraudulent intent with which the Transfers were made, and the State Regulatory Orders and Complaints. |
| 2. | Defendants David Bleeden, Bearhunter LLC, Xan LLC, Randall Kohl and The Voice Inc. | Daniel A. Cook, Esq.<br>Loudermilk Law, PLLC<br>514 E. Belknap St, Suite 200<br>Fort Worth, Texas 76102<br>T 817-730-9300<br><br>Jason C. Moreau, Esq.,<br>John A. Sten, Esq.<br>Karl T. Fisher, Esq.<br>Armstrong Teasdale, LLP<br>800 Boylston Street, 30th Floor<br>Boston, MA 02199<br>T 617-824-5150 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 3. | Defendants Daniel Isaac Halimi and Halimi Group LLC | Richard A. Smith<br>Palmer Lehman Sandberg, PLLC<br>8350 N Central Expwy, Suite 1111<br>Dallas, TX 75206<br>T 214-242-6484 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |

---

[1] All capitalized terms have the same meaning as in the Receiver's Complaint.

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 4. | Defendants Athena Hunter and TPH Boss LLC | Chad M. Mandell<br>Law Office of Chad M. Mandell<br>16350 Ventura Blvd., Ste. D-807<br>Encino, CA 91436<br>(310) 595-6368<br><br>Eliot Burriss<br>Katten Muchin Rosenman LLP<br>2121 North Pearl Street, Suite 1100<br>Dallas, Texas 75201<br>(214) 765-3659 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 5. | Defendants Benjamin Lee, Mettabel, Sean Reza aka Thomas Reza and Amerigold Inc. | Michael R. Steinmark<br>Austin P. Smith<br>Bruce W. Steckler<br>Steckler Wayne & Love PLLC<br>12720 Hillcrest Rd, Suite 1045<br>Dallas, TX 75230<br>T 972-387-4040 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 6. | Defendants Deric Scott Ned, Poor Trap Inc, Deep State Marketing Inc. | Kenneth P. White<br>Brown White & Osborn LLP<br>333 S. Hope St., 40th Floor<br>Los Angeles, CA 90071<br>T 213-613-0500<br><br>Dennis L. Roossien<br>Munsch Hardt Kopf & Harr PC<br>500 N. Akard St, Suite 3800<br>Dallas, TX 75201<br>T 214-855-7500 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 7. | Defendants Michael Peralta and MPERA Corp. | Dennis L. Roossien<br>Munsch Hardt Kopf & Harr PC<br>500 N. Akard St, Suite 3800<br>Dallas, TX 75201<br>T 214-855-7535 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 8. | Defendants Kyle D Sanna, Hurricane Holdings Inc, LTK Marketing LLC | Colin A. Hardacre<br>The Law Offices of Colin A. Hardacre<br>23586 Calabasas Rd, Suite 200<br>Calabasas, CA 91302<br>T (818) 661-2583 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies) |
| 9. | Defendants Christopher Stephan and ECO Blue Inc. | c/o Christopher Stephen<br>Registered Agent<br>18336 Soledad Canyon Road, Ste 1819<br>Canyon Country, CA 91386 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 10. | Defendants Walter Vera, Verastan Group LLC and Midwood Capital | G Bryan Brannan #135579<br>Brannan Law Offices<br>30765 Pacific Coast Hwy, Ste 177<br>Malibu, CA 90265-3643<br>T 424 270-1900<br><br>Mike Alfred<br>VerisLaw, PLLC<br>6508 Colleyville Blvd., Ste 100<br>Colleyville, TX 76034<br>T 817-678-4121 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 11. | Defendants Richard Joe Dougherty III and Rich Dough, Inc. | Richard Joe Dougherty, III<br>1076 Glenbridge Circle<br>Westlake Village, CA 91361<br><br>Rich Dough, Inc.<br>412 S. Wilton Place, Suite 404<br>Los Angeles, CA 90005 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 12. | Defendants Matthew Levitt and Gooner Enterprises Inc. | Stanley L. Friedman Law Offices of Stanley L. Freeman 445 S. Figueroa St, 31st Floor Los Angeles, CA 90071 T 213-629-1500 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 13. | Defendants James Flicek and Ellipsis Marketing | Trevor Martin Holmes Law Group PLLC PO Box 38282 Dallas, TX 75238 210-415-7133 Michael Austin Holmes Holmes Law Group PLLC P. O. Box 38282 Dallas, TX 75238 214-444-9533 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 14. | Defendants Joshua Ferdman and Ferdman Group Inc | Paul A. Rigali Larson LLP 555 South Flower St, Ste 4400 Los Angeles, California 90071 T 213-436-4888 Daniel K. Hagood Daniel K. Hagood P.C. 3710 Rawlins St, Suite 1600 Dallas, Texas 75219 T 214-720-4040 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 15. | Defendants Andrew Eilers and Andrew J. Eilers Consulting Inc. | Andrew Eilers Consulting, Inc. 4575 Dean Martin Dr., Unit 1401 Las Vegas, NV 89103 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 16. | Defendants Alexander Flamer and 9th Level Marketing Inc | Paul A. Rigali<br>Larson LLP<br>555 South Flower St, Ste 4400<br>Los Angeles, California 90071<br>T 213-436-4888<br><br>Daniel K. Hagood<br>Daniel K. Hagood P.C.<br>3710 Rawlins St, Suite 1600<br>Dallas, Texas 75219<br>T 214-720-4040 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 17. | Defendants David Wolan and Harper Metals Group LLC | David J. Cohen<br>Tovar & Cohen LLP<br>21781 Ventura Blvd., Ste. 431<br>Woodland Hills, CA 91364<br>(310) 420-4383 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 18. | Defendants Brock Bowers and TOTM Production Group LLC | Richard A. Smith<br>Palmer Lehman Sandberg, PLLC<br>Campbell Centre I<br>8350 N. Central Expwy Suite 1111<br>Dallas, TX 75206<br>T 214-242-6484 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 19. | Defendants Phillip Levy and IQ Capital Advisors Inc. | IQ Capital Advisors, Inc.<br>c/o Philip A. levy<br>20 Rainbow Lake<br>Irvine, CA 92614 | Defendants possess knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |

| | IDENTITY | CONTACT INFO | SUBJECT MATTER |
|---|---|---|---|
| 20. | Defendant Rich Dough Inc., | c/o Richard Joe Dougherty III, Registered Agent 617 Hampshire Rd., Apt. 340 Westlake Village, CA 91361 | Defendant possesses knowledge of the facts alleged in the Underlying Complaint regarding the manner in which the Receivership Defendants operated, his/her/its receipt of the Transfers, his/her/its knowledge or notice of the State Regulatory Orders and Complaints or other red flags negating good faith receipt of the Transfers, and the relationship between each respective individual Defendant and his or her respective entity(ies). |
| 21. | Luca Thomas Erb aka Lucas Asher aka Luke Asher; Defendant in Underlying Lawsuit | **Arnold Augur Spencer** Spencer & Associates 5956 Sherry Lane Suite 2000 Dallas, TX 75225 214-385-8500 | Owner/principal of Receivership Entities as well as Portfolio Insider, LLC; possesses knowledge of all aspects of Defendants' conduct at issue in this case, as well as relationships with and conduct of persons acting in concert with them; custody or control of relevant documents, or other information pertinent to the Receiver's claims in this case. |
| 22. | Simon Batashvili, Defendant in Underlying Lawsuit | **Arnold Augur Spencer** Spencer & Associates 5956 Sherry Lane Suite 2000 Dallas, TX 75225 214-385-8500 | Owner/principal of Receivership Entities as well as Portfolio Insider, LLC; possesses knowledge of all aspects of Defendants' conduct at issue in this case, as well as relationships with and conduct of persons acting in concert with them; custody or control of relevant documents, or other information pertinent to the Receiver's claims in this case. |
| 23. | Any other individual named by another party in its Rule 26 disclosures. | | |

**26(a)(1)(A)(ii):**  A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Copies of relevant documents, not previously produced through Court filings, include the following:

1) All documents and materials seized from the Receivership Defendants' offices.  These documents include, but are not limited to, business records related to the Receivership Defendants' operations, such as customer contracts, sales scripts and marketing materials, contracts or employment records for Defendants' and other employees or contractors, records pertaining to sales of the Precious Metals Bullion, commission records, cease and desist orders, notices, State Regulatory Orders and Complaints and related documents.

These materials are stored at the Receiver's offices and will be made available for all Defendants to review or duplicate on a mutually acceptable date.

2) All electronic documents obtained from the Receivership Defendants' servers and cloud-based storage. These documents include, but are not limited to, email communications, and business records related to the Receivership Defendants' operations. The electronic documents are stored on a "DISCO" database and are comprised of approximately 53,000 documents. The Receiver will make these documents available through access to the database at a mutually convenient time.

3) Bank records and financial records obtained through subpoenas. These documents are stored electronically at the Receiver's offices and will be made available for review or duplication at a mutually convenient time.

4) Deposition transcripts from depositions taken in the Underlying Lawsuit. These documents are stored electronically at the Receiver's offices and will be made available for review or duplication at a mutually convenient time.

5) A forensic accounting prepared by the Receiver's accountants, including the summaries of all Transfers made to each Defendant. These documents are stored electronically at the Receiver's offices and will be made available for review or duplication at a mutually convenient time.

6) Pleadings, motions, and orders filed in the Underlying Lawsuit. These documents are available on PACER.

**26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

The damages sought by the Receiver from each Defendant group are identified in Exhibit C to the Receiver's Original Complaint.

**26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None. The Receiver will supplement if any applicable agreement is identified.

Respectfully submitted,


By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Andrew C. Debter
     State Bar No. 24133954
     andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001


**ATTORNEYS FOR PLAINTIFF KELLY CRAWFORD, IN HIS CAPACITY AS RECEIVER**


## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2023, the foregoing document was served electronically on all counsel of record as reflected in the attached service list.

      */s/ Charlene C. Koonce*
      Charlene C. Koonce

– 10 –

**SERVICE LIST:**

| | |
|---|---|
| **Jason C Moreau**<br>**John A. Sten**<br>**Karl T. Fisher**<br>Armstrong Teasdale LLP<br>800 Boylston Street, 30th Floor<br>Boston, MA 02199<br>617-824-5129<br>Fax: 617-824-8490<br>jmoreau@atllp.com<br>jsten@atllp.com<br>*PRO HAC VICE*<br><br>**Daniel A Cook**<br>Loudermilk Law, P.L.L.C.<br>514 E. Belknap St, Ste 200<br>Fort Worth, TX 76102<br>817-730-9300<br>daniel@loudermilklaw.com<br><br>**Counsel for David Bleeden,**<br>**Bearhunter LLC, Xan LLC, and Randall**<br>**Kohl, The Voice Inc.** | **Chad Michael Mandell**<br>Law Office of Chad M Mandell<br>16350 Ventura Blvd, Suite D-807<br>Encino, CA 91346<br>310-595-6368<br>chadmandell@mandell-law.com<br>*PRO HAC VICE*<br><br>**Eli Burriss**<br>Katten Muchin Rosenman LLP<br>2121 North Pearl Street, Suite 1100<br>Dallas, TX 75201-2591<br>(214) 765-3659<br>Eli.burriss@katten.com<br><br>**Counsel for Athena Hunter and**<br>**TPH Boss LLC** |
| **Richard A Smith**<br>Richard Smith, P.C.<br>8350 N. Central Expressway, Ste 1111<br>Dallas, TX 75206<br>214-242-6484<br>Fax: 214-265-1950<br>richard@rsmithpc.com<br><br>**Counsel for Daniel Isaac Halimi and**<br>**Halimi Group LLC** | **Michael Robert Steinmark**<br>Steckler Wayne Cochran Cherry, PLLC<br>12720 Hillcrest Rd, Ste 1045<br>Dallas, TX 75230<br>972-387-4040<br>Fax: 972-387-4041<br>michael@swclaw.com<br><br>**Counsel for Benjamin Lee and**<br>**Mettabel Inc.** |

**Dennis L Roossien**
Munsch Hardt Kopf & Harr PC
500 N Akard St, Suite 3800
Dallas, TX 75201
214-855-7535
Fax: 214-855-7584
droossien@munsch.com

**Karineh Tarbinian**
Brown White & Osborn LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
818-624-8855
Fax: 213-613-0550
*PRO HAC VICE*
ktarbinian@brownwhitelaw.com
*PRO HAC VICE*

**Kenneth P White**
Brown White & Osborn LLP
333 South Hope St, 40th Flr
Los Angeles, CA 90071
213-613-9446
Fax: 213-613-0550
kwhite@brownwhitelaw.com
*PRO HAC VICE*

**Counsel for Deric Scott Ned, Poor Trap Inc., and Deep State Marketing Inc.**

**Michael Robert Steinmark**
Steckler Wayne Cochran Cherry, PLLC
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
972-387-4040
Fax: 972-387-4041
michael@swclaw.com

**Austin Paul Smith**
Steckler Wayne Cherry & Love PLLC
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
972-387-4040
Fax: 972-387-4041
austin@swclaw.com

**Bruce William Steckler**
Steckler Wayne & Love PLLC
12720 Hillcrest Rd, Ste 1045
Dallas, TX 75230
972-387-4040
Fax: 972-387-4041
bruce@swclaw.com

**Paul D Stickney**
Stickney Mediations PLLC
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
682-313-9656
judgestickney@swclaw.com

**Counsel for Sean Reza, aka Thomas Reza, and Amerigold Inc.**

**Dennis L Roossien**
Munsch Hardt Kopf & Harr PC
3800 Lincoln Plaza
500 N Akard St
Dallas, TX 75201
214-855-7535
Fax: 214-855-7584
droossien@munsch.com

**Counsel for Michael Peralta and MPERA Corp.**

**Michael S Alfred**
VerisLaw PLLC
6508 Colleyville Blvd, Suite 100
Colleyville, TX 76034
817-678-4121 /
Fax:512-717-7230
malfred@verislaw.net

**Counsel for Walter Vera, Verastan Group LLC and Midwood Capital**

| | |
|---|---|
| **Colin Arthur Hardacre**<br>The Law Offices of Colin A. Hardacre, APC<br>23586 Calabasas Road, Ste 200<br>Calabasas, CA 91302<br>818-661-2583<br>Fax: 818-665-3573<br>chardacre@cahlegal.com<br>*PRO HAC VICE*<br><br>**Darrell W. Cook**<br>**Stephen W. Davis**<br>Cook Keith & Davis<br>A Professional Corporation<br>6688 North Central Expressway, Suite 1000<br>Dallas, Texas 75206<br>214-368-4686<br>214-593-5713 Telecopy<br>dwcook@cookkeithdavis.com<br>stephen@cookkeithdavis.com<br><br>**Counsel for Kyle D Sanna**<br>**LTK Marketing, LLC and**<br>**Hurricane Holdings, Inc.** | **Daniel Kevin Hagood**<br>Daniel K Hagood PC<br>3710 Rawlins Street, Suite 1600<br>Dallas, TX 75219<br>214-720-4040<br>Fax: 469-310-8993<br>dhagood@hagoodhunt.com<br><br>**Paul A. Rigali**<br>Larson LLP<br>555 S. Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>213-436-4872<br>prigali@larsonllp.com<br><br>**Counsel for Joshua Ferdman and**<br>**Ferdman Group Inc.** |
| **Stanley Lester Friedman**<br>Law Offices of Stanley L Friedman<br>445 S Figueroa, 31st Floor<br>Los Angeles, CA 90071<br>213-629-1500<br>Fax: 213-232-4071<br>friedman@friedmanlaw.org<br><br>**Counsel for Matthew Levitt and**<br>**Gooner Enterprises Inc** | **David J Cohen**<br>Tovar & Cohen LLP<br>21781 Ventura Blvd, Ste 431<br>Woodland Hills, CA 91364<br>310-420-4383<br>david@tovarandcohen.com<br>*PRO HAC VICE*<br><br>**Counsel for David Wolan and**<br>**Harper Metals Group LLC** |